17637

William Ralph FOWLER, Respondent, v. ABBOTT MOTOR COM-
PANY and Hardware Mutual Casualty Company, Appellants

(113 S. E. (2d) 737)

*Messrs. Ninestein & Petit,* of Walhalla, *for Appellants,*

*John M. Schofield, Esq.,* of Rock Hill, *for Respondent,*

April 5, 1960.

Moss, Justice.

This is an appeal by the employer and carrier from an order of the Circuit Court affirming an award of the Industrial Commission in favor of the claimant, William Ralph Fowler, the respondent herein.

William Ralph Fowler was, on January 15, 1958, and for some years prior thereto, employed by Abbott Motor Company as a mechanic and service manager. It was stipulated that Fowler was on call twenty-four hours each day, and that the employer furnished him an automobile to use in answering service calls whether during regular or after regular hours. The employer paid the toll charges for a telephone located in the residence of the employee. It was agreed that the employee was injured on January 15, 1958, at about 8:00 o'clock P.M. The automobile owned by Abbott Motor Company and driven by the employee was in collision with a tree just off of Coffee Road between Walhalla and Westminster, South Carolina. The respondent is now mentally and physically disabled and is a patient in a hospital in Columbia, South Carolina.

The respondent, through his duly appointed guardian, filed with the South Carolina Industrial Commission a claim for benefits under the Workmen's Compensation Law, Section 72-1 *et seq.*, Code of 1952, asserting that his injury was by accident arising out of and in the course of his employment with Abbott Motor Company. The employer admitted that it was subject to and bound by the terms of the Act, but

denied that the employee sustained an injury by accident arising out of and in the course of his employment. The hearing commissioner found that the respondent did receive an injury by accident arising out of and in the course of his employment, and awarded compensation therefor. The appellants made timely application for a review of this award before the full commission. The order of the single commissioner was affirmed by a majority of the full commission. Thereafter, an appeal was duly taken by the employer, and its insurance carrier, to the Court of Common Pleas for Oconee County, South Carolina. This appeal was heard by the Honorable Steve C. Griffith, Presiding Judge, who, on September 25, 1959, issued his order affirming the decision and award of the commission. Timely appeal to this Court followed. The single exception of the appellants raises the question of whether the Court erred in finding that William Ralph Fowler sustained an injury by accident arising out of and in the course of his employment, it being asserted that there was no evidence to support said finding.

We have held in numerous cases that the burden is upon the claimant to prove such facts as will render the injury compensable within the provisions of the Workmen's Compensation Act, and such award must not be based on surmise, conjecture or speculation. *Brady v. Sacony of St. Matthews,* 232 S. C. 84, 101 S. E. (2d) 50; *Leonard v. Georgetown County,* 230 S. C. 388, 95 S. E. (2d) 777; and *Walker v. City Motor Car Company,* 232 S. C. 392, 102 S. E. (2d) 373.

We have likewise held that the Industrial Commission is the fact-finding body, and this Court, and the Circuit Court, both being appellate Courts in workmen's compensation cases, can only review the facts to determine whether or not there is any competent evidence to support the findings made by the commission. *Brady v. Sacony of St. Matthews, supra.* It follows that this Court, and also the Circuit Court, may reverse an award if there is an absence of any evidence to support it.

An injury arises in the course of employment within the meaning of the Workmen's Compensation Act when it occurs within the period of the employment at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties, or engaged in doing something incidental thereto. An accident arises out of the employment when it arises because of it, as when the employment is a contributing proximate cause. These conditions must concur before the Act can apply. *Schrader v. Monarch Mills*, 215 S. C. 357, 55 S. E. (2d) 285, and *Portee v. S. C. State Hospital*, 234 S. C. 50, 106 S. E. (2d) 670.

We have no difficulty in concluding that the respondent suffered an injury by accident. The question of whether the accident arose out of and in the course of employment is the real one for determination.

Ruth Fowler, wife of the claimant, testified that she returned home from work on January 15, 1958, the day of the accident, and that the claimant came home immediately thereafter; that they were in the house together for five or ten minutes and that she left the house for a few minutes. She further testified that right after she returned, the claimant left the house, saying, "I'll be back in a minute." She also testified that he left in the car furnished him by Abbott Motor Company. She also testified that in her opinion ninety per cent of the calls received by her husband were in connection with his work as a mechanic for his employer. She further says that she does not know what prompted the claimant to leave home on the night of his injury. She also says that the automobile furnished to the claimant by his employer was used "as though the car was his, he used it for his personal affairs as well."

Constance Fowler, the eleven-year-old daughter of the claimant, testified that after her father arrived at home that she answered a telephone call and a man asked for her father, and that her father came to the telephone and she heard her father say to the caller, "I'll see about it", and that when he left the house, he said, "I'll be back in a minute."

J. O. Brock, testifying in behalf of the claimant, said that he operated a store on U. S. Highway 276, and that on the night of January 15, 1958, the claimant visited his place for "three or four minutes", and that he asked the witness if he had seen his uncle, Chris Fowler, and "he said he was looking for him and he mentioned something about a car motor someway, had to see about a car motor somewhere, but I don't remember just what he said." This witness also testified that Chris Fowler was a mechanic for "Mac's Chevrolet" in the town of Westminster.

Frank Abbott, the owner of Abbott Motor Company, testified that the claimant was his service manager and that phone calls received after 6:00 o'clock in the afternoon were referred to the claimant if there was no one at the place of business. He testified with reference to the trip made by the claimant, "It's possible that he was on company business or it's possible that he was on personal business"; that he had no knowledge of any business the claimant was transacting for Abbott Motor Company at the time of the accident.

Rufus Lee testified that he was in the grocery store of J. O. Brock when the claimant came in about 8:00 o'clock P.M.; that he talked to him a minute or two and then left. Lee testified that when he left that the claimant was still waiting in his car and that after a car passed along the road, Fowler pulled out and went up to Long Creek Road which leads to Coffee Road. He said that if he was going from Brock's Grocery store to Abbott Motor Company's place of business, it would be closer to go by Coffee Road. He also testified that there were a number of other places, other than Abbott Motor Company's place of business, to which Coffee Road led.

It is true that at the time the claimant was injured, the direct evidence shows that he was driving an automobile owned by the employer and furnished to the employee as part of his contract of employment. Counsel for the respondent asserts that the other evidence, which is circumstantial, is sufficient to justify the inference and the

presumption that claimant's injury arose out of and in the course of his employment. It is a well-settled rule that circumstantial evidence may be relied upon to support a finding of fact or an award in workmen's compensation cases, and such finding or award may be based on inferences drawn from such circumstantial evidence. In such cases, the circumstantial evidence need not reach such a degree of certainty as to exclude every reasonable or possible conclusion other than that reached. *Owens v. Ocean Forest Club, Inc.*, 196 S. C. 97, 12 S. E. (2d) 839; *Holly v. Spartan Grain & Mill Company*, 210 S. C. 183, 42 S. E. (2d) 59.

In our opinion, the evidence here fails to disclose or to warrant a reasonable inference that there was any causal connection between the employment and the injury to the claimant. To hold that claimant's injury, which occurred by accident, arose out of and in the course of his employment, or that there was a causal connection between the injury and the employment would be to engage in surmise, conjecture and speculation. This is readily apparent because the testimony neither shows who called the claimant at his home nor for what purpose. There is no evidence that when the claimant left his home with the statement "I'll be back in a minute", that he was leaving to perform any of the duties of his employment. It was the duty of claimant to show that his injury by accident was connected with or incident to the performance of such duties.

Counsel for the respondent asserts that there is a presumption "that one charged with the performance of a duty and injured while performing such duty, or found injured at a place where his duty may have required him to be, is injured, in the course of, and as a consequence of, the employment." It was so held in the case of *Owens v. Ocean Forest Club, Inc., supra.* However, we cannot apply this presumption, under the facts of this case, because the respondent has failed to show that his injury occurred at a place where duty in behalf of his employer may have required him to be. *Falconer v. Beard-Laney, Inc.*, 215 S. C. 321, 54 S. E. (2d) 904.

It is argued by the respondent that since the employer furnished to him an automobile for the purpose of going to and from his work, a presumption arises that if injured while using said automobile, such arose out of and in the course of his employment. In the case of *Gallman v. Springs Mills,* 201 S. C. 257, 22 S. E. (2d) 715, 717, this Court said:

"As a general rule, an employee going to or coming from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment, and therefore an injury suffered by accident at such time does not arise out of and in the course of his employment. There are two universally recognized exceptions to this rule, and a third which is recognized by the courts of some states. These exceptions are: (1) Where in going to and returning from work, the means of transportation is provided by the employer, or the time thus consumed is paid for or included in the wages. (2) Where the employee, on his way to or from his work, is still charged with some duty or task in connection with his employment * * *"

In the case of *Eargle v. South Carolina Electric & Gas Co.,* 205 S. C. 423, 32 S. E. (2d) 240, 243, this Court said: "* * * That an injury incurred by a workman in the course of his travel to his place of work and not on the premises of his employer, but in close proximity thereto, is not compensable unless the place of injury was brought within the scope of employment by an express or implied requirement in the contract of employment of its use by the servant in going to and coming from his work. This statement of the law is supported by the cases of *De Constantin v. Public Service Commission,* 75 W. Va. 32, 83 S. E. 88, L.R.A. 1916A, 329, and *Canoy v. State Compensation Commission,* 113 W. Va. 914, 170 S. E. 184."

In Larson on Workmen's Compensation Law, Vol. I, Page 233, section 17.10, it is said:

"If the trip to and from work is made in a truck, bus, car or other vehicle under the control of the employer, an

injury during that trip is incurred in the course of employment. The simple justification for this holding is that the employer has himself expanded the range of the employment and the attendant risks. He has, in a sense, sent the employee home on a small ambulatory portion of the premises, just as the sailor on a British ship is conceived to be on a little floating fragment of Britain herself."

It has been held that an accidental injury may be compensable if received at some distance from employer's place of business, where, at the time and place of injury, employee was doing some work in connection with, or incidental to his employment. *Benjamin H. Sanborn Co. v. Industrial Commission,* 405 Ill. 50, 89 N. E. (2d) 804. Again, we cannot apply the presumption asserted by the respondent for the reason that he has failed to show that he was using the automobile of his employer at a place and a time where his duty as an employee required him to be. There is no evidence in this record that the respondent, at the time of his injury, was performing any duty for his employer. Counsel for the respondent also asserts that under the testimony it was proper to find that the respondent possibly was engaged in performing a service on behalf of his employer. This Court has held that a "possibility" is not enough to show that respondent's injury arose out of and in the course of his employment. *Richardson v. Wellman Combing Co.,* 233 S. C. 454, 105 S. E. (2d) 602.

It was stipulated that the claimant "was on call twenty-four hours each day". This stipulation is limited to the fact that the claimant was subject to call and it does not have the effect of admitting that at the time of his injury he was answering or servicing a call in behalf of his employer. There is no evidence in this record that the claimant was answering any call in behalf of the employer, nor is there any evidence at the time the claimant was injured that he was charged with the performance of any duty in behalf of the employer, nor was he injured at a place where any duty to the employer required him to be. The

burden of supplying evidence from which the inference can be legitimately drawn that the claimant's injury arose out of and in the course of his employment, rests upon him.

In the case of *Radcliffe v. Southern Aviation School*, 209 S. C. 411, 40 S. E. (2d) 626, 629, this Court said:

"The claimant, at the outset, is faced with the burden to show by competent testimony, not only the fact of the injury, but that it occurred in connection with his employment. And he must furnish substantial evidence from which the reasonable inference can legally be drawn that the injury arose out of and in the course of his employment. The award by the Commission must be based upon something more than speculation, surmise or conjecture, it must be based on evidence."

In the case of *Broughton v. South Carolina Game and Fish Dept.*, 219 S. C. 50, 64 S. E. (2d) 152, 154, this Court said:

"A claimant who asserts the right to compensation carries the burden of establishing the necessary facts to entitle him to such compensation. The evidence will ordinarily be regarded as sufficient where the circumstances shown tend to establish the ultimate facts in issue and provide a basis from which they reasonably may be inferred. An award cannot, however, be based upon mere possibilities, probabilities, surmises or conjectures. *Hines v. Pacific Mills*, 214 S. C. 125, 51 S. E. (2d) 383; *Sligh v. Newberry Elect. Co-op.*, 216 S. C. 401, 58 S. E. (2d) 675; *Buff v. Columbia Baking Co.*, 215 S. C. 41, 53 S. E. (2d) 879; *Rudd v. Fairforest Finishing Co.*, 189 S. C. 188, 200 S. E. 727."

We conclude that there is no evidence reasonably warranting the inference that the claimant's injury arose out of and in the course of his employment.

The judgment appealed from is reversed and this case remanded for entry of judgment in favor of the appellants.

Stukes, C. J., and Taylor, Oxner and Legge, JJ., concur.