0368

John George POULOS, by Mary L. POULOS, Executrix, Respondent, v. PETE'S DRIVE-IN NO. 3, and Insurance Company of North America, Appellants.

(325 S. E. (2d) 583)

Court of Appeals

*Carroll H. Roe, Jr.,* of *Love, Thornton, Arnold & Thomason,* Greenville, *for appellants.*

*Harry A. Chapman* and *Russell W. Harter, Jr.,* of *Marchbanks, Chapman & Harter,* Greenville, *for respondent.*

Heard Nov. 19, 1984.

Decided Jan. 17, 1985.

SHAW, Judge:

This appeal is from an order granting worker's compensation benefits. John George Poulos died of a heart attack on April 9, 1979, while working at appellant Pete's Drive-In No. 3. He was fifty-nine. His wife, respondent Mary L. Poulos, filed a claim with the Industrial Commission to recover worker's compensation benefits, alleging unusual strain and exertion associated with employment caused the heart attack. A single commissioner denied benefits; however, the full Commission reversed, ruling the death a compensable accident. The trial court affirmed, finding substantial evidence supporting the Commission's decision. We affirm.

S. C. Code Ann. Section 1-23-380(g)(5) (1976 & Supp. 1983) establishes courts can reverse or modify administrative decisions if the findings are "[c]learly erroneous in view of the . . . substantial evidence on the whole record." This standard of judicial review applies to appeals from the Industrial Commission. *Lark v. Bi-Lo*, 276 S. C. 130, 276 S. E. (2d) 304 (1981).

The Commission found Pete's Drive-In hired Poulos on February 3, 1979. Poulos understood he would work from 9:00 AM to 5:00 PM and be primarily responsible for attending the counter and handling the cash register. However, within several weeks Poulos was leaving home for work before 6:00 AM, and not returning until after 6:00 PM, and performing additional duties such as preparing food. Evidence reveals the employer criticized and ridiculed Poulos for his dress and appearance. Dr. Peter George Manos, the Poulos family doctor, testified in his opinion, unusual stress and strain associated with employment contributed to the fatal heart attack. Dr. Steven Gold, an internal medicine specialist, testified in response to a hypothetical question, the working conditions contributed to the heart attack. While there may be problems with credibility, we decline to disturb the Commission's findings.

If a heart attack at work is caused by "the ordinary exertion that is required in the performance of the duties of the

employment in the ordinary and usual manner, and without any outward event, it is not compensable as an accident." *Walsh v. U. S. Rubber Co.*, 238 S. C. 411, 120 S. E. (2d) 685 (1961). However, a heart attack "suffered by an employee constitutes a compensable accident within the meaning of the Workmen's Compensation Act if it is induced by unexpected strain or over-exertion in the performance of the duties of his employment, or by unusual and extraordinary conditions in employment." *Kearse v. South Carolina Wildlife Resources Department*, 236 S. C. 540, 115 S. E. (2d) 183 (1960); *Bridges v. Housing Authority, City of Charleston*, 278 S. C. 342, 295 S. E. (2d) 872 (1982).

On the record before it, the Commission could reasonably find substantial evidence Poulos' heart attack was caused by unexpected strain and unusual conditions in employment. Therefore, the judgment of the trial court is correct.

Affirmed.

CURETON and GOOLSBY, JJ., concur.