0832

James R. CLINE, Sr., Respondent v. NOSREDNA CORPORATION, INC. Employer, and United States Fire Insurance Company, Carrier, Appellants.

(352 S. E. (2d) 291)

Court of Appeals

*Ernest J. Naufyl, Jr.*, and *David L. Morrison* of *Naufyl & Ellis, P.A.*, Columbia, *for appellants.*

*Martin S. Driggers* and *J. Michael Baxley*, Hartsville, *for respondent.*

Heard Oct. 16, 1986.

Decided Dec. 15, 1986.

CURETON, Judge:

In this worker's compensation action, James R. Cline (Cline) was awarded permanent total disability benefits for heart failure from his employer Nosredna Corporation (Nosredna). The single commissioner's award was affirmed by a majority of the Worker's Compensation Commission and the circuit court. Nosredna appeals. We affirm.

Cline worked as food service manager since 1977 for Aunt Maude's Country Kitchen in Myrtle Beach, owned by Nosredna. Although the restaurant is only open during the tourist season (March through October), his was a full-time year-round position. As the food service buyer, Cline managed the day-time operation of the restaurant. He supervised the cooks, ordered, inspected and inventoried food, and shopped competitively for food and utensils. His normal working hours were approximately eight o'clock to four o'clock, six days per week. In off-season months, Cline worked five days per week looking for new restaurant locations and maintaining the restaurant until the tourist season.

In April 1982, Nosredna opened a new restaurant, Aunt Maude's Low Country Seafood. Cline was also made food service manager of this restaurant. The new restaurant had an entirely different menu which required Cline to work with approximately ten new food suppliers. In addition, he supervised recipe development and preparation of condiments. Each restaurant had separate inventories, facilities, personnel, and books. The restaurants were one hundred fifty feet apart, requiring Cline to continuously traverse the

distance between them each day. During the first four to six weeks of the opening of the second restaurant, Cline testified he worked seven days per week.

Cline had a preexisting condition of congestive heart failure, for which he took medication. His employer was aware of this condition. On August 26, 1982, Cline became ill at work. He was admitted to the hospital that evening and was diagnosed as having suffered a heart attack. His physician testified Cline suffered cardiac atrial fibrillation and congestive heart failure.

Cline claimed worker's compensation, alleging his heart attack was caused by his stressful employment situation. Nosredna denied the claim, asserting the heart attack did not arise out of his employment and was not caused by any unusual stress at work.

The single commissioner found the heart attack resulted from a stressful work situation which occurred when Cline was assigned the extra duties at the second restaurant. He found this "covered accident" was the culmination of a disease process which was clearly aggravated and accelerated by these unusual and extraordinary employment conditions. The commissioner awarded Cline weekly compensation of $166.66 commencing August 26, 1982 and continuing for five hundred weeks. He also ordered Nosredna to pay all Cline's medical, hospital, surgical, doctor, nurse and drug bills incurred as a result of the injury for the rest of his life. A majority of the Commission and the circuit court affirmed this order.

## I.

In two related arguments, Nosredna claims Cline failed to carry the burden necessary to obtain an award for an accidental injury resulting from aggravation of heart trouble by failing to show substantial, reliable, and probative evidence of a sudden unusual exertion or strain related to Cline's employment.

Cline relies on the language of *Kearse v. South Carolina Wildlife Resources Department*, 236 S. C. 540, 115 S. E. (2d) 183 (1960). *Kearse* states:

a coronary occlusion or thrombosis suffered by an employee constitutes a compensable 'accident' if it is induced by unexpected strain or over-exertion in the

performance of the duties of his employment *or* by unusual and extraordinary conditions in the employment.

236 S. C. at 544, 115 S. E. (2d) at 186 (emphasis added).

In arguing the heart injury is not compensable without a sudden, unusual exertion or strain, Nosredna overlooks the fact that numerous cases have found a compensable injury where heart problems have resulted from extraordinary duties and an increase in hours worked over a period of time. *See, e.g., Kearse v. South Carolina Wildlife Resources Department, supra; Poulos v. Pete's Drive-In No. 3*, 284 S. C. 264, 325 S. E. (2d) 583 (Ct. App. 1984), *cert. denied*, 286 S. C. 128, 332 S. E. (2d) 529 (1985); *Canady v. Charleston County School District*, 265 S. C. 21, 216 S. E. (2d) 755 (1975). In this case Cline has demonstrated additional responsibilities attendant to the opening of the new restaurant in April 1982, such as to constitute unusual and extraordinary conditions in his employment. Under the scope of review determined in *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981), we find sufficient evidence to uphold the Commission's award and the affirmance of the lower court.

Additionally, Nosredna argues that no temporal relationship exists between the opening date of the new restaurant on April 7, and the date of the disabling injury on August 26. Nosredna notes that Cline had an admitted history of heart problems dating from 1974-1975. It also notes that if Cline actually had a four to six week period of working seven hours per day, this ceased by the end of May.

The record also contains evidence, however, that while the numbers of days per week decreased, Cline's additional responsibilities for the new restaurant continued until the day of his disabling injury. He continued to supervise the cooks, order, inventory and prepare food, and perform other routine maintenance in two restaurants rather than one.

Nosredna admits a heart attack from a preexisting pathology coupled with sudden unusual exertion or strain is compensable. It is also true, as previously demonstrated, that a heart attack from a preexisting pathology coupled with unusual and extraordinary conditions of employment is also compensable. *Brown v. LaFrance Industries*, 286 S. C. 319, 333 S. E. (2d) 348 (Ct. App. 1985). Cline has demonstrated sufficient evidence of unusual and

extraordinary work conditions. We find, therefore, that this argument is without merit.

## II.

Nosredna argues the question of whether an accident has occurred is jurisdictional. Thus, this Court has the power and the duty to make findings of fact in accordance with the preponderance of the evidence in determining this jurisdictional issue, since judicial determination of the issue will not be an invasion of the fact-finding role of the Commission. We disagree.

While the question of employment is jurisdictional, the question as to whether an accident has occurred is factual and does not go to the question of jurisdiction. *Canady v. Charleston County School District, supra.* Both parties agree the scope of review applied by the lower court was the substantial, reliable and probative evidence test enunciated in *Lark v. Bi-Lo., Inc., supra.* Under *Lark*, this Court is prohibited from overturning findings of fact made by an administrative agency unless there is no reasonable probability that the facts could be as related by a witness upon whose testimony the finding was based. *Lowe v. Am-Can Transport Services, Inc.*, 283 S. C. 534, 324 S. E. (2d) 87 (Ct. App. 1984).

In this case, there is sufficient evidence in the record to preclude this Court from overturning the factual findings of the Commission and the lower court. We reject Nosredna's argument, and affirm the decision under the scope of the substantial evidence test of *Lark*.

## III.

Finally, Nosredna argues the lower court erred in relying on the testimony of Dr. Trask in that the material facts in the record which relate to a subject on which his judgment was sought were not used as a basis for his opinion. More specifically, Dr. Trask was asked if the stress Cline had at work would have aggravated, contributed to, or hastened the condition Dr. Trask found. Nosredna argues the factors relating to Cline's alleged increase in duties were not in evidence and were not used as a basis for a hypothetical question to Dr. Trask.

Dr. Trask was asked whether:

> Question: [A]ssuming again that he had this predisposition to have this disease process, within a reasonable degree of medical certainty, do you have an opinion as to whether or not the stress that he had at work based on the work description that you received, that that would have aggravated, contributed to or have hastened the condition that you found ...
>
> Answer: Okay, to use the term probability again, it is my feeling that it's a very likely probability that his congestive heart failure was aggravated by the rigors of his job.

Counsel had previously asked Dr. Trask whether, assuming Cline was required from April of 1982 to manage the food services for two restaurants, he had an opinion as to whether that would aggravate his condition. At this point and earlier in his testimony, Dr. Trask referred to discussions he had with Cline regarding the stress in his employment and extended working hours. The gist of Dr. Trask's testimony is that Cline's job aggravated his condition. Where some of the details propounded in the hypothetical question may not have been specifically proven, no error has occurred if the material facts assumed were within the range of the foregoing evidence, and there is no error in permitting the expert to give his opinion in response thereto. *Wright v. Graniteville Co., Vaucluse Division,* 266 S. C. 88, 221 S. E. (2d) 777 (1976).

South Carolina requires that a medical expert must testify that the condition "most probably" resulted from the injury. *Brown v. LaFrance Industries, supra.* We find Dr. Trask's reply that Cline's job was "a very likely probability" in causing his congestive heart failure, combined with his other testimony, is sufficient to establish a causal connection between the condition of his employment and his injury. We find this argument to be without merit.

For the reasons stated above, the award to Cline is

Affirmed.

BELL and GOOLSBY, JJ., concur.