### 22671

John Ashmore BROWN, Appellant v. R. L. JORDAN OIL COMPANY, and Ranger Insurance Company, Respondents.

(353 S. E. (2d) 280)

Supreme Court

*C. Robert Faucette, James C. Spears, Jr.,* and *M. Terry Haselden,* Spartanburg, *for appellant.*

*James W. Hudgens* of *Ward, Barnes, Long, Hudgens, Adams and Wilkes,* Spartanburg, *for respondents.*

Heard Nov. 21, 1986.

Decided Feb. 9, 1987.

NESS, Chief Justice:

John Ashmore Brown appeals an order of the Circuit Court reversing an Industrial Commission award of Worker's Compensation benefits. We reverse and reinstate the award of benefits.

Brown was employed by respondent Jordan Oil Company in a convenience store and performed a variety of duties relating to the operation of the store. He worked approximately fifty hours per week. In October, 1982, he struck his leg on a wooden crate while climbing a ladder. The injury broke the skin, but Brown did not immediately seek medical attention. Approximately a week later his leg was swollen and had developed an ulcer where the skin had been broken. Brown's family doctor referred him to a surgeon, who hospitalized Brown. Brown was treated in the hospital for the ulcerated area for about two weeks, and recuperated at home for another three weeks. He returned to work in December, 1982, gradually increasing his workload to thirty-two hours per week. Because of recurrent swelling and pain in his legs, Brown was hospitalized again in October, 1983. Brown was terminated by his employer in December, 1983, because he was unable to return to work.

The single commissioner found the October, 1982 accident had aggravated a preexisting condition of thrombophlebitis and that Brown's physical condition was the result of that aggravation. The commissioner also found Brown's condition had rendered him totally and permanently disabled. The full commission affirmed, with one commissioner dissenting. The trial judge reversed, finding that Brown's injury had not aggravated a preexisting condition.

An award of the Industrial Commission can be set aside only if it is unsupported by substantial evidence. *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981). The test must not be either judicial fact-finding or a substitution of judicial judgment for agency judgment. *Id.* The possibility that two inconsistent conclusions could be drawn from the evidence does not prevent an administrative agency's finding from being supported by substantial evi-

dence. *Boggs v. State Board of Medical Examiners*, 288 S. C. 144, 341 S. E. (2d) 635 (1986).

Brown was hospitalized three times between 1973 and 1978 for swelling in his legs incident to thrombophlebitis. From 1978 until the accident in 1982, Brown had some slight problems, but missed no work. He saw a dermatologist from 1980-1982 for skin problems that may have been related to thrombophlebitis.

Dr. Henry Kelly testified that the October, 1982 accident aggravated Brown's preexisting condition of thrombophlebitis. Kelly also made vague statements to the contrary; however he clearly stated several times that the preexisting condition had been aggravated by the accident, and had led to Brown's current physical condition.

When a previously diseased condition is aggravated ▮ by injury or accident arising out of and in the course of the employment, disability is a compensable injury. *Sturkie v. Ballenger Corp.*, 268 S. C. 536, 235 S. E. (2d) 120 (1977); *Glover v. Columbia Hospital of Richland County*, 236 S. C. 410, 114 S. E. (2d) 565 (1960); *Ferguson v. State Highway Department*, 197 S. C. 520, 15 S. E. (2d) 775 (1941). It is no defense that the accident, standing alone, would not have caused the claimant's condition, because the employer takes the employee as he finds him. If the accident accelerates or aggravates a preexisting condition, the resulting injury is compensable. On the other hand, a condition due *solely* to natural progression of a preexisting disease is not compensable. *Pendleton v. Flippo Construction Company*, 1 Va. App. 381, 339 S. E. (2d) 210 (1986).

On review of a decision of the Industrial Commission, ▮▮ the trial judge is not permitted to substitute his own findings of fact for those of the Commission. A determination of whether a claimant's condition was accelerated or aggravated by an accidental injury is a factual matter for the Commission. *Glover v. Columbia Hospital of Richland County, supra.* Where there is a conflict in the evidence from the same or different witnesses, the Commission's findings of fact may not be set aside. *Id.*

It is error for a court to substitute its own findings ▮ for those of the Commission. There was substantial, although conflicting, evidence to support the award of the Commission.

The order of the trial judge is reversed and the award of the Industrial Commission is reinstated.

Reversed.

GREGORY, CHANDLER and FINNEY, JJ., concur.

HARWELL, J., not participating.