23912

Bobby OWINGS, Appellant v. ANDERSON COUNTY
SHERIFF'S DEPARTMENT, Respondent.
(433 S.E. (2d) 869)

Supreme Court

*Alan R. Cochran*, of *Williams & Henry, P.A.*, Greenville, *for appellant.*

*F. Earl Ellis, Jr., Ernest J. Nauful, Jr.*, and *Andrew F. Lindemann*, all of *Nauful & Ellis, P.A.*, Columbia, *for respondent.*

Heard May 18, 1993; Decided Aug. 4, 1993.

Reh. Den. Aug. 26, 1993.

TOAL, Justice:

In this workers' compensation case, the Commission denied the employee benefits, finding his unstable angina was not causally related to his employment. We affirm.

## FACTS

The claimant, Owings, was diagnosed with early atherosclerotic disease and angina in 1982. At that time, it was noted that Owings was at a "very great risk for developing progressive narrowing and clinically significant coronary artery disease." In March of 1988, Owings began working for the sheriff's department. On November 30, 1988, Owings participated in physical training at the Law Enforcement Academy, which is required of all law officers. Owings performed push-ups, bench presses, and sit-ups on the first day. Owings was unable to sleep in the Academy's barracks that night. The next morning, December 1, Owings was scheduled to complete a timed

one and one-half mile run on an outdoor track. After running one or two laps in thirty-one degree weather, Owings developed chest pain and stopped running. Medical tests performed at that time conclusively showed Owings had had a heart attack at some time after 1982; however, it was undisputed his heart attack occurred prior to the running incident on December 1, 1988.

Since December 1, 1988, Owings has developed increased cardiac problems rendering him unable to perform physical labor. According to the report of Dr. Koch, his family physician, Owings' development of unstable angina was more likely than not made worse by the unusual stress and strain of running on December 1. Conversely, Dr. Juk, a cardiologist, reviewed Owings' medical records and opined that the incident of December 1 did not aggravate Owings' underlying cardiac disease, and in fact probably was helpful in that it alerted Owings to the progression of his cardiac disease.

The single commissioner awarded Owings benefits. The Full Commission reversed, finding that Owings was not involved in any unusual or extraordinary activity on December 1, and alternatively that his current cardiac problems were not causally related to that activity. The circuit court affirmed and Owings appeals to this Court.

## LAW/ANALYSIS

In order to be entitled to workers' compensation benefits, the employee must show he or she sustained an "injury by accident arising out of and in the course of the employment." S.C. Code Ann. § 44-1-160 (1985). The term "arising out of" in the Workers' Compensation Act refers to the origin of the cause of the accident, while the term "in the course of" refers to the time, place, and circumstances under which the accident occurred. *Bickley v. South Carolina Electric & Gas Co.*, 259 S.C. 463, 192 S.E. (2d) 866 (1972). An injury arises out of employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal relationship between the conditions under which the work is to be performed and the resulting injury. *Carter v. Penney Tire and Recapping Co.*, 261 S.C. 341, 200 S.E. (2d) 64 (1973). Whether a claimant's condition was accelerated or aggravated by an accident injury is a factual matter for the

Commission, and its finding of fact based on conflicting evidence may not be set aside. *Brown v. R.L. Jordan Oil*, 291 S.C. 272, 353 S.E. (2d) 280 (1987).

The Commission relied on Dr. Juk's reported opinion in its determination that Owings' condition was not causally related to his employment. Dr. Juk determined that although the job-related exercise drew Owings' attention to his progressively deteriorating cardiac condition, the running did not cause or aggravate Owings' pre-existing cardiac problems. We find Dr. Juk's opinion constitutes substantial evidence to support the Commission's finding that Owings' subsequent heart problems were not related to his employment activity on December 1, 1988. Accordingly, we hold the Commission did not err in finding the injury did not arise out of Owings' employment. Because we affirm the Commission's denial of benefits based on Owings' failure to prove medical causation, we do not address the Commission's alternative ruling that Owings' activity did not constitute unusual and extraordinary or excessive exertion.

Owings further argues that the Commission erred in considering Dr. Juk's letter as evidence on the grounds that the letter was untimely filed and Dr. Juk did not examine Owings personally. However, neither of these issues appear to have been raised or ruled on by the Full Commission or the circuit court. Therefore, they are not properly before this Court. *Walsh v. U.S. Rubber Co.*, 238 S.C. 411, 120 S.E. (2d) 685 (1961).

Accordingly we affirm.

HARWELL, C.J., CHANDER and FINNEY, JJ., and JASPER M. CURETON, Acting Associate Justice, concur.