24235

Wynnie JUSTICE, Respondent v. BMG DISTRIBUTION, INC., Employer and Zurich-American Insurance Company, Carrier, Appellants.

(458 S.E. (2d) 35)

Supreme Court

*Duke K. McCall, Jr.*, of *Leatherwood, Walker, Todd & Mann, P.C.*, Greenville, *for appellants.*

*Ben C. Harrison* and *J. Mark Hayes, II*, both of *Harrison & Hayes;* and *Lawrence E. Flynn, Jr.*, of *Perrin, Perrin, Mann & Patterson*, Spartanburg, *for respondent.*

Heard Feb. 21, 1995.

Decided Apr. 17, 1995; Reh. Den. May 17, 1995.

MOORE, Justice:

This is a workers' compensation case brought by a deceased employee's dependent pursuant to S.C. Code Ann. § 42-9-290 (Supp. 1993). The deceased (James) died from heat stroke several hours after leaving his job. The Hearing Commissioner found the death was caused by James' employment and awarded respondent (Mother) benefits. The Commission and circuit court both affirmed. Appellants (Employer) appealed. We affirm.

## FACTS

James was forty-four years old at the time of his death. He was six feet tall and weighed 325 pounds. James' job involved sorting small packages into boxes which were then hoisted onto a weigh scale and move for shipping. On July 24, 1991, James worked first shift from 7:00 a.m. to 3:30 p.m. The temperature that day reached 97° F and the work area of the warehouse was not air-conditioned. By all accounts, it was very hot.

There was a low to medium level of activity on the sort line that day. During the day, James was observed to be sweating profusely. At his noon lunch break, he did not eat as usual, was pale, and "looked sick." At his 2:00 p.m. break, he also appeared tired, hot sweaty, and pale. He finished his shift and went home.

When James arrived home around 4:00 p.m., he complained to Mother that he did not feel well. She observed he was sweating profusely. Rather than eat a large meal as he usually did, he drank a glass of Kool-aid, took a shower, and retired to his attic bedroom. The house was not air-conditioned and it was very hot.

Because she was concerned about him, Mother checked on James several times during the evening. At 8:00 p.m., she went up to his room to ask if he wanted to eat. He appeared disoriented and took several minutes to "come to himself." He declined food and remained in bed. Between 11:00 and 11:30 p.m., James came downstairs twice to use the bathroom. He said he was all right when Mother inquired and he returned upstairs. Shortly thereafter, Mother became aware of a moaning sound. She went upstairs and found James unresponsive. Mother called 911. James was dead when the emergency med-

ical workers arrived. An autopsy revealed he had died of heat stroke.

In deposition testimony before the Hearing Commissioner, Dr. Bernard Corbett gave his opinion based on reasonable medical certainty that James' heat stroke was an exertional heat stroke caused by James' exertion in a hot work environment. The exertion created a dangerous physical condition that was not resolved by cooling but rather was accelerated when he went home to a hot environment. To the contrary, Employer's expert, Dr. Donald Gregg, gave his medical opinion James' heat stroke was not exertional but was caused by the environment in his home.

### ISSUE

Is there substantial evidence to support the Commission's finding that James' death by heat stroke arose out of and in the course of his employment?

### DISCUSSION

Employer contends the circuit court erred in affirming the award of benefits because there is no substantial evidence James' heat stroke occurred within the course and scope of his employment. We disagree.

The factual findings of the Commission will be upheld on appeal where there is substantial evidence to support them. *Lark v. Bi-Lo,* 276 S.C. 130, 276 S.E. (2d) 304 (1981). Substantial evidence is evidence that would allow reasonable minds to reach the same conclusion the Commission reached when considering the record as a whole. *Miller v. State Roofing Co.,* 312 S.C. 452, 441 S.E. (2d) 323 (1994). An injury arises out of employment when a rational mind considering al the circumstances would find a causal relation between the conditions under which the work is performed and the resulting injury. *Owings v. Anderson County Sheriff's Dept.,* 315 S.C. 297, 433 S.E. (2d) 869 (1993). In this case, Dr. Corbett's testimony and the evidence James' discomfort arose at work constitute substantial evidence to support the conclusion James' heat stroke was causally related to his employment. Accordingly, the circuit court properly affirmed the Commission's finding James' death qualifies as an injury arising out of and in the course of his employment under S.C.

Code Ann. § 42-1-160 (1985).

Employer's remaining argument is without merit and is disposed of pursuant to Rule 220(b), SCACR. *See Smith v. Southern Builders,* 202 S.C. 88, 24 S.E. (2d) 109 (1943 (heat stroke compensable as injury by accident).

Affirmed.

FINNEY, C.J., TOAL and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.