495 S.E.2d 790

**Anthony SHARPE, Appellant,**

**v.**

**CASE PRODUCE COMPANY and S.C. Workers' Compensation Uninsured Employers' Fund, Respondents.**

**No. 2775.**

Court of Appeals of South Carolina.

Heard Dec. 2, 1997.

Decided Dec. 22, 1997.

Rehearing Denied Feb. 19, 1998.

---

536

Robert T. Williams, Sr., of Williams, Hendrix, Steigner, & Brink, Lexington, for Appellant.

William T. Geddings, Jr., Manning; and Ajernal Danley, Columbia, for Respondents.

ANDERSON, Judge:

Anthony Sharpe (Sharpe) appeals from the Circuit Court's order affirming the Workers' Compensation Commission's denial of benefits. He argues the trial court erred in affirming the Commission's finding his injury was not work-related. We reverse.

## *FACTS/PROCEDURAL BACKGROUND*

Sharpe worked for Case Produce Company on and off for approximately seventeen years. His duties consisted of packing and unpacking tomatoes, driving a delivery vehicle, and making deliveries.

Sharpe and Shonda Goins Harper had been involved in a romantic relationship. Harper worked seasonally for Case Produce for four or five years. Sharpe described an altercation with Harper which occurred on Saturday, July 16, 1994. Sharpe testified Harper slapped him in the face, shoved him, and pushed him lightly in the chest. He denied she pushed him against a counter top or bar. He further denied (1) he complained to anyone he got hurt during the altercation; (2)

he experienced any back pain due to the altercation; or (3) that he missed any work prior to July 21, 1994.

According to Harper, she pushed Sharpe several times against a counter top and at least once against a bar. She also slapped his face. When Harper saw Sharpe a couple of days after their fight, he complained he was "still real sore" and his back was "bothering him" as a result of the fight.

Dock T. Case, the manager of Case Produce, testified that on Monday, July 18, 1994, Sharpe was in "pretty bad pain." He had a big sore on the side of his right eye and his forearms were "all scratched up." Sharpe explained to Case he had been in a fight and complained "he couldn't hardly stand up because his back was hurting him so bad." Instead of packing, Sharpe was either "laying over the packing table" or "squatted down." Case advised Sharpe to leave early, but when Sharpe returned on Tuesday, he was still complaining his back hurt. By Wednesday, Sharpe felt better.

On Thursday, July 21, 1994, Sharpe had eight cases of tomatoes to deliver. Instead of using the company truck, he decided to transport the tomatoes in the trunk of his own car. The eight boxes of tomatoes were sitting on the dock. Sharpe grabbed two boxes to load in his trunk. The two boxes together weighed approximately fifty pounds. According to Sharpe: "[A]s I went to set them over in there I felt like electricity go through my whole body, you know, and I thought an electrical wire or something had fell on the car. So, I dropped the tomatoes and leaned up. When I leaned up my legs quit working and I fell on the pavement, skint [sic] my leg up and I couldn't move, I couldn't feel my legs." Sharpe did not stand up. He called for Dock Case, his supervisor, to come out on the dock. He asked Case to call an ambulance "because [he] couldn't feel [his] legs."

Case, who was sitting in his office eating breakfast when the alleged accident occurred, did not observe Sharpe fall. No one saw Sharpe fall. Case explained Sharpe's car was apparently in his blind spot. Sharpe called his name and Case walked out on the dock. He saw Sharpe lying between the car and the dock. When Sharpe said he could not move his legs, Case called an ambulance. Case made the delivery Sharpe

had been preparing and could not "tell that [the tomatoes] had been dropped."

Sharpe was admitted to Lexington Medical Center. He remained in the hospital from July 21 to July 30, 1994. On July 25, 1994, Dr. Bruce S. Harris, a neurosurgeon, performed back surgery on Sharpe. When Sharpe left the hospital, he stayed with his sister. He was out of work for approximately eight and one half months.

Sharpe returned to work on Thursday, April 6, 1995. On his first day back, he packed tomatoes. Case stated that when Sharpe returned to work he was "doing his job real good." However, Case "made sure that he had help" and hired someone else to do the heavy lifting, pulling, and pushing. Case testified Sharpe could still do his job and complained only about his feet burning. Sharpe continued to work for twelve days, until Friday, April 21, 1995. On Monday, April 24, 1995, Sharpe informed Case he could no longer perform his job due to problems with his back and feet. Sharpe explained:

> Well, the tomatoes when they are on the pallets they are glued—the tops have glue on them and they are hard to pull loose. And they are up probably about 7 foot I guess high. And me reaching up trying to get them loose and pull them down was putting a lot of strain on my back, was really hurting me. As the day goes on, by the afternoon I was in a lot of pain.
>
> . . . .
>
> My legs—my feet burned and stinged [sic] all the time. It's like there is a numbness and asleep like if your arm goes to sleep. And standing on that concrete like it was, my feet were just like they were on fire. And I just couldn't take it.

Sharpe submitted medical evidence from his attending physicians, Dr. Bruce Harris and Dr. Victoria P. Samuels.[1] Dr. Harris performed "[d]ecompressive laminectomies, T9, 10, and 11" with a final diagnosis of myelopathy secondary to thoracic spinal cord compression. In an undated note, Dr. Samuels wrote "Mr. Sharp's [sic] cord compression, myelopathy & subsequent surgery was [sic] all the result of a work related

---

1. In the record, Dr. Samuels is sometimes referred to as Dr. Pakainis.

accident." Dr. Samuels determined Sharpe had a 34% disability to the back and reached maximum medical improvement on January 4, 1995.

Sharpe filed a Form 50 alleging that on July 21, 1994, he sustained an injury to his back arising out of and in the course of his employment with Case Produce. Case Produce filed a Form 51 denying Sharpe sustained a work-related injury. Because Case Produce was operating without Workers' Compensation Insurance, it filed a "Compliance Claim" with the South Carolina Workers' Compensation Commission, agreeing to comply with the South Carolina Workers' Compensation Act. The South Carolina Uninsured Employers' Fund also filed a Form 51 denying the claim.

The Single Commissioner held Sharpe did not sustain an injury by accident arising out of and in the course of his employment with Case Produce on July 21, 1994. He found Sharpe's testimony was not credible. In denying benefits, he found all of the credible evidence supported an injury to Sharpe as a result of a physical confrontation occurring prior to July 21, 1994. Sharpe filed a motion to submit after-discovered evidence—the EMS report and certain correspondence. The Full Commission granted the motion. The Commission remanded the case to the Single Commissioner "for completion of the record by inclusion of the information." The Single Commissioner reviewed the motion and the evidence and reaffirmed his original order. The Full Commission affirmed the finding of the Single Commissioner. The Circuit Court affirmed the Full Commission.

## ISSUES

I. Did the Circuit Court err in affirming the Full Commission's finding Sharpe's injury was not work-related?

II. Did the Circuit Court err in affirming the Full Commission's decision where, even if an injury occurred during an altercation, the accident at work aggravated this preexisting injury?

## STANDARD OF REVIEW

The South Carolina Administrative Procedures Act, S.C.Code Ann. § 1–23–310, *et seq.* (Rev.1986 & Supp.1996),

establishes the "substantial evidence" rule as the standard for judicial review of a decision of an administrative agency. *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 276 S.E.2d 304 (1981). South Carolina Code Ann. § 1–23–380(A)(6) (Supp.1996) provides:

The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

. . . .

(d) affected by other error of law; [or]

(e) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.

*See also Smith v. Union Bleachery/Cone Mills,* 276 S.C. 454, 456, 280 S.E.2d 52, 53 (1981) (quoting S.C.Code Ann. § 1–23–380(g)(4) (Supp.1980)) (court may reverse or modify agency's decision " 'if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are ... affected by other error of law.' "). On appeal from the Workers' Compensation Commission, the court may not substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law. *Stephen v. Avins Constr. Co.,* 324 S.C. 334, 478 S.E.2d 74 (Ct.App.1996). *See also Lyles v. Quantum Chem. Co. (Emery),* 315 S.C. 440, 434 S.E.2d 292 (Ct.App.1993) (in reviewing decision of Workers' Compensation Commission, Court of Appeals will not set aside its findings unless they are not supported by substantial evidence or they are controlled by error of law).

 The Full Commission is the ultimate fact finder in Workers' Compensation cases and is not bound by the Single Commissioner's findings of fact. *Ross v. American Red Cross,* 298 S.C. 490, 381 S.E.2d 728 (1989). The findings of the Commission are presumed correct and will be set aside only if unsupported by substantial evidence. *Rodney v. Michelin Tire Corp.,* 320 S.C. 515, 466 S.E.2d 357 (1996).

Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action. *Miller v. State Roofing Co.*, 312 S.C. 452, 441 S.E.2d 323 (1994); *Stokes v. First Nat'l Bank*, 306 S.C. 46, 410 S.E.2d 248 (1991). While a finding of fact of the Commission will normally be upheld, such a finding may not be based upon surmise, conjecture, or speculation, but must be founded on evidence of sufficient substance to afford a reasonable basis for it. *Edwards v. Pettit Constr. Co.*, 273 S.C. 576, 257 S.E.2d 754 (1979).

## *LAW/ANALYSIS*

Sharpe argues the Circuit Court erred in affirming the finding of the Full Commission his injury was not work-related. He maintains the ruling is inconsistent with the statutory definition of "arising out of and in the course of employment." Sharpe further contends the court erred in affirming the decision of the Full Commission because even if he was injured in the confrontation with Harper the accident at work aggravated this pre-existing injury.

### I. "Injury By Accident Arising Out of and in the Course of the Employment"

"In order to be entitled to workers' compensation benefits, the employee must show he or she sustained an 'injury by accident arising out of and in the course of the employment.'" *Owings v. Anderson County Sheriff's Dep't*, 315 S.C. 297, 299, 433 S.E.2d 869, 871 (1993); S.C.Code Ann. § 42–1–160 (Supp. 1996). *See also Doe v. South Carolina State Hosp.*, 285 S.C. 183, 328 S.E.2d 652 (Ct.App.1985) (three criteria for determining whether injury is compensable are (1) accident; (2) arising out of employment; and (3) arising in the course of employment).

### A. "Injury By Accident"

The question of whether a claimant sustained an "injury by accident" within the South Carolina Workers' Compensation Act is a question of law. *Creech v. Ducane Co.*, 320 S.C. 559, 467 S.E.2d 114 (Ct.App.1995). The Court of Appeals

may review whether the Commission's determination is affected by an error of law. *Id.;* S.C.Code Ann. § 1–23–380(A)(6) (Supp.1996).

In determining whether something constitutes an "injury by accident," the focus is on the injury itself, not on some specific event. *Creech, supra.* The word "accident," as used in the Workers' Compensation Act, means an unlooked for and untoward event which is not expected or designed by the person who suffers the injury. *Id.; Linnen v. Beaufort County Sheriff's Dep't,* 305 S.C. 341, 408 S.E.2d 248 (Ct.App. 1991). No slip, fall, or other fortuitous event or accident in the cause of the injury is required. *Creech, supra.* The unexpected result or industrial injury is itself considered the compensable accident. *Id.* Furthermore, an accident is an event not within one's foresight and expectation and may be due to purely accidental causes or may be due to oversight and negligence, carelessness, fatigue, or miscalculation of the effects of voluntary action. *Linnen, supra.*

Proof of a "causative event" is not required to establish an "injury by accident." *Creech, supra.* Thus, an "injury by accident" includes not only an injury, the means or cause of which is an accident, but also an injury which is itself an accident, that is, an injury occurring unexpectedly from the operation of internal or subjective conditions, without the prior occurrence of any external event of an accidental nature. *Id.*

### B. "Arising Out Of"

An accident "arises out of" the employment when it arises because of it, as when the employment is a contributing proximate cause. *Fowler v. Abbott Motor Co.,* 236 S.C. 226, 113 S.E.2d 737 (1960). *See also Beam v. State Workmen's Compensation Fund,* 261 S.C. 327, 200 S.E.2d 83 (1973) (accident "arises out of" employment when employment is contributing proximate cause). The phrase "arising out of" in the Workers' Compensation Act refers to the origin of the cause of the accident. *Loges v. Mack Trucks, Inc.,* 308 S.C. 134, 417 S.E.2d 538 (1992).

In *Douglas v. Spartan Mills, Startex Div.,* 245 S.C. 265, 140 S.E.2d 173 (1965), our Supreme Court discussed the "arising out of" requirement:

" 'It (the injury) arises "out of" the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.' "

*Douglas,* 245 S.C. at 269, 140 S.E.2d at 175 (citations omitted).

■ The question of whether an accident arises out of and is in the course and scope of employment is largely a question of fact for the Full Commission. *Wright v. Bi–Lo, Inc.,* 314 S.C. 152, 442 S.E.2d 186 (Ct.App.1994). However, where the facts are undisputed, the question of whether an accident is compensable is a question of law. *Jordan v. Dixie Chevrolet, Inc.,* 218 S.C. 73, 61 S.E.2d 654 (1950).

### C. "In the Course of the Employment"

■ The phrase "in the course of the employment," as needed for a claimant to be entitled to Workers' Compensation benefits, refers to the time, place, and circumstances under which the accident occurred. *Owings v. Anderson County Sheriff's Dep't,* 315 S.C. 297, 433 S.E.2d 869 (1993); *Loges v. Mack Trucks, Inc.,* 308 S.C. 134, 417 S.E.2d 538 (1992). An injury arises "in the course of" employment within the meaning of the Workers' Compensation Act when it occurs within the period of the employment at a place where the employee reasonably may be in the performance of his duties, and while

he is fulfilling those duties, or engaged in doing something incidental thereto. *Fowler v. Abbott Motor Co.,* 236 S.C. 226, 113 S.E.2d 737 (1960); *Schrader v. Monarch Mills,* 215 S.C. 357, 55 S.E.2d 285 (1949).

### D. Question of Law

Under Workers' Compensation law, the decision of the Commission must be vacated if substantial rights of the claimant have been prejudiced because the administrative findings are clearly erroneous in view of the substantial evidence on the record as a whole. South Carolina Code Ann. § 1–23–380(A)(6) (Supp.1996) mandates a reversal if the decision of the administrative agency is clearly erroneous in view of the substantial evidence on the whole record.

██ We have reviewed the evidentiary record with circumspection under the substantial evidence rule and conclude *no* evidence is in the record to support the conclusion reached by the Commission that Sharpe did not sustain an "injury by accident arising out of and in the course of" his employment with Case Produce. The accident occurred when Sharpe was placing the tomatoes in the trunk. The strain occasioned by this action caused the injury to Sharpe's back. Although there were no witnesses to the accident, there is no evidence the injury, as Sharpe relates, did not happen. He "skint [sic] [his] leg up" as a result of the accident. Case observed Sharpe lying on the dock after the alleged fall. Sharpe evidenced immediate injury (the paralysis) and sought and received treatment immediately. Not until after the alleged incident on Thursday did Sharpe fail to show up for work. He did not seek nor did he receive any medical treatment after the altercation the previous weekend.

Furthermore, the medical evidence submitted by Sharpe confirmed his injury was work-related. When the testimony of medical experts is relied upon to establish a causal connection between an accident and subsequent disability, the opinion must be at least that the disability "most probably" resulted from the accidental injury. *Dennis v. Williams Furn. Corp.,* 243 S.C. 53, 132 S.E.2d 1 (1963). *See also Cline v. Nosredna Corp.,* 291 S.C. 75, 352 S.E.2d 291 (Ct.App.1986) (for claim by worker to be compensable, medical expert must

testify condition "most probably" resulted from injury). Here, in a medical note, Dr. Samuels wrote "Mr. Sharp's [sic] cord compression, myelopathy & subsequent surgery was [sic] all the result of a work related accident." Her opinion more than satisfies the "most probably" requirement. The Full Commission ignored this medical evidence.

Because *no* evidence supports the Commission's conclusion, the rule articulated in *Mullinax v. Winn–Dixie Stores, Inc.*, 318 S.C. 431, 437, 458 S.E.2d 76, 80 (Ct.App.1995)—"Where the evidence is susceptible of but one reasonable inference, the question is one of law for the court rather than one of fact for the Commission"—is controlling. *See also Glover v. Rhett Jackson Co.*, 274 S.C. 644, 267 S.E.2d 77 (1980) (where evidence is susceptible of but one reasonable inference, question is one of law for court, rather than one of fact for Commission); *Polk v. E.I. duPont de Nemours Co.*, 250 S.C. 468, 158 S.E.2d 765 (1968) (lack of conflict in evidence renders question of causal connection, which is ordinarily one of fact for Commission, question of law for decision by court); *Herndon v. Morgan Mills, Inc.*, 246 S.C. 201, 143 S.E.2d 376 (1965) (when evidence gives rise to but one reasonable inference, question becomes one of law for court to decide); *Hines v. Pacific Mills*, 214 S.C. 125, 51 S.E.2d 383 (1949)(if evidence is all one way or if findings of Commission are based on surmise, speculation, or conjecture, issue becomes one of law for courts and not one of fact for Commission). Thus, the issue of "injury by accident" is a question of law for the court in the instant case. We come to the ineluctable conclusion, based on the testimony before the Commission, Sharpe sustained an "injury by accident arising out of and in the course of" his employment.

## II. Aggravation of Pre–Existing Injury

 Case Produce and the South Carolina Workers' Compensation Uninsured Employers' Fund assert Sharpe injured his back in the altercation with Harper. Sharpe contends that even if he was injured in the altercation with Harper, he is still entitled to benefits for aggravation of the injury. He maintains he is entitled to compensation despite the alleged confrontation with Harper. We agree.

In *Mullinax v. Winn–Dixie Stores, Inc.,* 318 S.C. 431, 458
S.E.2d 76 (Ct.App.1995), Judge Connor penned an excellent
analysis of Workers' Compensation law in regard to aggrava-
tion of a pre-existing condition. This Court explained:

> Our courts have clearly held the natural consequences
> flowing from a compensable injury, absent an independent
> intervening cause, are compensable. *Whitfield v. Daniel
> Constr. Co.,* 226 S.C. 37, 83 S.E.2d 460 (1954). Moreover,
> the great weight of authority holds the aggravation of the
> primary injury by medical or surgical treatment is compen-
> sable. *Id.* at 41, 83 S.E.2d at 462; Arthur Larson, *The Law
> of Workmen's Compensation* § 13.21(a) (1994). Additional-
> ly, new injuries resulting indirectly from treatment for the
> original injury are also compensable. *Id.* Likewise, a
> work-related accident which aggravates or accelerates a
> pre-existing condition, infirmity, or disease is also compen-
> sable. *Brown v. R.L. Jordan Oil Co.,* 291 S.C. 272, 353
> S.E.2d 280 (1987); *Sturkie v. Ballenger Corp.,* 268 S.C. 536,
> 235 S.E.2d 120 (1977); *Glover v. Columbia Hospital of
> Richland County,* 236 S.C. 410, 114 S.E.2d 565 (1960) (a
> quiescent weakened, but not disabling condition accidentally
> aggravated, accelerated, or activated, with resulting disabili-
> ty, is compensable); Arthur B. Custy, *The Law of Work-
> men's Compensation in South Carolina* § 9.1 (1977). A
> condition is compensable unless it is due solely to the
> natural progression of a pre-existing condition. *Id.* It is no
> defense that the accident, standing alone, would not have
> caused the claimant's condition, because the employer takes
> the employee as it finds him or her. *Brown v. R.L. Jordan,*
> 291 S.C. at 275, 353 S.E.2d at 282. According to Professor
> Custy:
>
>> [A]ggravation of a pre-existing condition is compensa-
>> ble where disability is continued for a longer time, even
>> though no disability would normally have resulted from
>> the injury alone, or even if the aggravation would have
>> caused no injury to an employee who was not afflicted
>> with the condition.
>
> Arthur B. Custy, *The Law of Workmen's Compensation in
> South Carolina* § 9.1 (1977); *accord Green v. Bennettsville,*
> 197 S.C. 313, 15 S.E.2d 334 (1941).

Finally, circumstantial evidence may be used to prove causation. *Glover v. Rhett Jackson Co.*, 274 S.C. 644, 267 S.E.2d 77 (1980). "The causal sequence . . . may be more indirect or complex, but as long as the causal connection is in fact present the compensability of the subsequent condition is beyond question." Arthur Larson, *The Law of Workmen's Compensation* § 13.11(b) (1994). Where the evidence is susceptible of but one reasonable inference, the question is one of law for the court rather than one of fact for the Commission. *Glover v. Rhett Jackson Co.*

*Mullinax,* 318 S.C. at 436–37, 458 S.E.2d at 79–80.

 Pre-existing disease or infirmity of the employee does not disqualify a claim under the "arising out of" requirement if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the disability for which compensation is sought. *Glover v. Columbia Hosp.*, 236 S.C. 410, 114 S.E.2d 565 (1960). When a pre-existing condition or disease is accelerated or aggravated by injury or accident "arising out of and in the course of the employment," the resulting disability is a compensable injury. *Brown v. R.L. Jordan Oil Co.*, 291 S.C. 272, 353 S.E.2d 280 (1987); *Arnold v. Benjamin Booth Co.*, 257 S.C. 337, 185 S.E.2d 830 (1971). *See also Sturkie v. Ballenger Corp.*, 268 S.C. 536, 235 S.E.2d 120 (1977) (exacerbation of pre-existing disease or injury arising out of or in course of employment is compensable); *Hiers v. Brunson Constr. Co.*, 221 S.C. 212, 70 S.E.2d 211 (1952) (if there is subsisting condition of illness or incapacity or physical disability which is caused, increased, or accelerated by some act or event coming by chance or happening fortuitously, then requisite quality or condition of injury will exist so as to make it accidental).

 The right of a claimant to compensation for aggravation of a pre-existing condition arises only where there is a dormant condition which has produced no disability but which becomes disabling by reason of the aggravating injury. *Hines v. Pacific Mills*, 214 S.C. 125, 51 S.E.2d 383 (1949). A determination of whether a claimant's condition was accelerated or aggravated by an accidental injury is a factual matter for the Commission. *Brown, supra.*

Even if Sharpe was injured in his altercation with Harper, he is nonetheless entitled to Workers' Compensation benefits. The accident which occurred on July 21, 1994, aggravated or accelerated this pre-existing condition. The medical evidence submitted supports the fact Sharpe was injured as a result of a work-related accident. Sharpe worked at least two days after the fight and prior to the accident. The paralysis did not occur after the altercation with Harper. It occurred immediately after the "electricity" ran through Sharpe's body on July 21, 1994, when he attempted to place the boxes of tomatoes in the trunk of his car.

### CONCLUSION

In the case *sub judice*, Sharpe proved he sustained an "injury by accident arising out of and in the course of" his employment with Case Produce. Succinctly put, there is no evidence to the contrary. Therefore, the trial court erred in affirming the Commission's denial of benefits. Moreover, even if Sharpe injured his back in the fight with Harper, he is still entitled to compensation because the work-related accident accelerated or aggravated his pre-existing back injury. Accordingly, we reverse and remand for correction of this error of law.

**REVERSED and REMANDED.**

CONNOR and HUFF, JJ., concur.