**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Benjamin Strickland, Appellant,

v.

Sumter Utilities, Inc. and Old Republic Insurance Company, Defendants,

Of whom Sumter Utilities, Inc. is the Respondent.

Appellate Case No. 2010-152369

_____

Appeal from the Appellate Panel
South Carolina Workers' Compensation Commission

_____

Unpublished Opinion No. 2012-UP-463
Heard June 6, 2012 – Filed July 25, 2012

_____

**AFFIRMED**

_____

Bryan Wesley Braddock, of Braddock Law Firm, LLC, and Henry Thad White Jr., of Lucas, Warr & White, both of Florence, for Appellant.

Peter H. Dworjanyn, Amy L. Neuschafer, and Kristian M. Cross, all of Collins & Lacy, PC, of Columbia, for Respondents.

**PER CURIAM:** Appellant Benjamin Strickland contends the South Carolina Workers' Compensation Commission erred in finding he did not suffer an injury by accident arising out of and in the course of his employment with Sumter Utilities. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to the Commission's determination Appellant did not suffer an injury by accident arising out of and in the course of his employment with Sumter Utilities: S.C. Code Ann. § 1-23-380(5) (Supp. 2011) ("The court may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact."); S.C. Code Ann. § 42-1-160(A) (Supp. 2011) (stating that an employee may be awarded workers' compensation benefits if the employee suffers an "injury by accident arising out of and in the course of employment"); *Ross v. Am. Red Cross*, 298 S.C. 490, 492, 381 S.E.2d 728, 730 (1989) ("[W]hen factual findings are supported by substantial evidence, 'analogous to a jury's findings of fact on disputed issues, the Commission's conclusions *must* be affirmed.'" (citation omitted)); *Owings v. Anderson Cnty. Sheriff's Dep't*, 315 S.C. 297, 299, 433 S.E.2d 869, 871 (1993) ("An injury arises out of employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal relationship between the conditions under which the work is to be performed and the resulting injury."); *id*. ("'[I]n the course of' refers to the time, place, and circumstances under which the accident occurred" (citation omitted)); *Sola v. Sunny Slope Farms*, 244 S.C. 6, 10, 135 S.E.2d 321, 324 (1964) (explaining claimant has the burden of proving facts that will bring the injury within the workers' compensation law, and that an award "must not be based on surmise, conjecture or speculation"); *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Full Commission." (citation omitted)).

2.      As to whether the Commission erred by failing to consider whether Appellant's injury was an aggravation of a pre-existing condition: *State v. Jones*, 344 S.C. 48, 58-59, 543 S.E.2d 541, 546 (2001) (finding an argument is abandoned on appeal when it is conclusory and without supporting authority).

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**