2228

George E. SIGMON, Claimant, Employee, Respondent v. DAYCO CORPORATION, Employer, and National Union Fire Insurance Company, Carrier, Appellants.

(449 S.E. (2d) 497)

Court of Appeals

*R. Lewis Johnson* and *L. Elaine Mozingo, Barnes, Alford, Stork & Johnson,* Columbia, *for appellants.*

*Ilene Stacey King, Turnipseed & Associates,* Columbia, *for respondent.*

Submitted Sept. 7, 1994.

Decided Sept. 19, 1994.

GOOLSBY, Judge:

In this workers' compensation case, Dayco Corporation and National Union Fire Insurance Company appeal from the circuit court's reversal of the full commission's finding that George E. Sigmon did not sustain an injury by accident. We affirm in part, vacate in part, and remand.[1]

In 1992, Sigmon knelt to tighten bolts on a machine that Dayco had assigned him to rebuild. His knee locked when he attempted to stand up. Thereafter, a doctor performed arthroscopic surgery on Sigmon's knee.

Sigmon sought workers' compensation benefits for his injury. He alleged his injury was caused by the aggravation of a preexisting condition. Sigmon had injured his right knee in 1959 while playing football.

---

[1] We decide this case without oral argument because we have determined oral argument would not aid the court in its decision.

The carrier denied Sigmon's claim.

The single commissioner held Sigmon did not suffer ■ "an injury by accident" because "[t]here was no causative event which produced the onset of disability in [Sigmon's] knee." The full commission affirmed this holding. The circuit court, however, reversed, finding Sigmon "ha[d] sustained an injury by accident."

We hold the circuit court correctly concluded the single commissioner's denial of Sigmon's claim was based on an error of law. Our supreme court has not construed the phrase "injury by accident" to necessarily require a "causative event."

> "[Injury by accident includes] not only an injury the means or cause of which is an accident, but also an injury which is itself an accident; that is, an injury occurring unexpectedly from the operation of internal or subjective conditions, without the prior occurrence of any external event of an accidental character. . . . [N]o slip, fall or other fortuitous event or accident in the cause of the injury is required; the unexpected result or industrial injury is itself considered the compensable accident."

*Stokes v. First Nat'l Bank*, 306 S.C. 46, 49, 410 S.E. (2d) 248, 250 (1991) (quoting *Hiers v. Brunson Const. Co.*, 221 S.C. 212, 230-31, 70 S.E. (2d) 211, 220 (1952)).

Dayco's and National Union's reliance on *Miller v. Springs Cotton Mills*, 225 S.C. 326, 82 S.E. (2d) 458 (1954), is misplaced. In the *Miller* case, there was no evidence that the employee's work activity caused the employee's injury. In *Miller*, the employee twisted her knee as she stood to rise from a table in the employer's cafeteria after eating lunch.

We also hold the circuit court improperly made its own ■ fact findings regarding Sigmon's alleged injury when it found "both the facts of the injury itself and the evidence on medical causation provide a clear showing in the record of injury that caused the locking of [Sigmon]'s knee." Only the commission is authorized to make such findings of fact. *Shealy v. Algernon Blair, Inc.*, 250 S.C. 106, 156 S.E. (2d) 646 (1967); *Baldwin v. James River Corp.*, 304 S.C. 485, 405 S.E. (2d) 421 (Ct. App. 1991).

We therefore vacate the circuit court's order to the extent it usurped the commission's authority to make findings of fact

and we remand the case to the commission for it to determine anew, based on the present record, Sigmon's claim for workers' compensation benefits.

Affirmed in part, vacated in part, and remanded.

SHAW, J., and HOWARD, Acting Judge, concur.