2435

Walter M. CREECH, Employee, Appellant v. The DUCANE COMPANY, Employer, and Kemper Insurance Group, Carrier, Respondents.

(467 S.E. (2d) 114)

Court of Appeals

560

*Harry T. Waikart, Friddle & Waikart,* Greenville, *for appellant.*

*Grady L. Beard* and *William R. Harbison, Nelson, Mullins, Riley & Scarborough,* Columbia, *for respondents.*

Submitted Dec. 5, 1995.

Filed Dec. 20, 1995; Reh. Den. Feb. 22, 1996.

HEARN, Judge:

In this workers' compensation case, Walter M. Creech appeals a circuit court order affirming the commission's determination that Creech did not suffer an "injury by accident," and reversing the commission's order that Creech's employer, The Ducane Company, pay medical expenses Creech incurred for a prior admitted work-related injury. We affirm in part, reverse in part and remand.

Creech suffered a back injury while working for Ducane in 1989. He received compensation for a 35% permanent partial disability to his back pursuant to a commission order on November 6, 1991. Creech never sought to reopen that award.

On July 12, 1993, Creech claimed he injured his back as he reached down to pick up a filter rack from the floor. The wire filter rack weighed less than one pound. Ducane sent him to see Dr. James Higgins, who excused Creech from work for about one week. When his condition did not improve, Creech was sent to Dr. Robert Abramson. Dr. Abramson noted an "MRI scan of [Creech's] lumbosacral spine shows evidence of scar tissue versus possible recurrent free fragment behind the body of L-5 on the left side."

Dr. Abramson treated Creech conservatively with epidural steroid injections. On September 14, 1993, Dr. Abramson released Creech to return to full-time work with a lifting restriction of 10 to 15 pounds.

The single commissioner recited these facts in his order and found, in part:

> The claimant has failed to prove that he sustained an injury by "accident" to his back arising out of and in the course of his employment on July 12, 1993. The claimant describes picking up a filter rack weighing less than one pound *but describes no slip, trip, sudden effort, etc.* Further, the claimant does not describe a hazard to which he is not equally exposed apart from the work. This finding is based on the claimant's testimony, including his description of the alleged "accident," and the medical records in evidence. (Emphasis added.)

Accordingly, the single commissioner found Creech was not entitled to medical treatment or compensation. Thereafter, the full commission affirmed but required Ducane to pay all of Creech's medical expenses from his treatment by Dr. Abramson.

Both Creech and Ducane sought circuit court review of the full commission's order. The circuit court noted that in South Carolina, no external event is necessary for an injury to be the result of an accident for workers' compensation purposes. However, the court added:

> Substantial evidence in the record supports the Commission's decision that the claimant did not sustain a compensable work-related "accident" on July 12, 1993. The claimant testified that he experienced pain in the lower back on July 12, 1993 as he reached down for a filter rack on the floor. The claimant admitted that the filter rack in question weighed less than one pound. Further, claimant had been on vacation for approximately one week prior to the alleged accident. Claimant testified he saw Dr. Higgins, and eventually Dr. Abramson for medical care.

> \* \* \* \* \* \*

> In addition, the claimant admitted he was doing nothing unusual or out of the ordinary in his course of work at the time he alleges to have re-injured himself.

Therefore, the circuit court affirmed the commission's holding that Creech did not sustain a compensable work-related accident on July 12, 1993. However, the circuit court reversed the commission's decision insofar as it required Ducane to pay all of Creech's medical expenses, holding that issue was not properly before the commission.

On appeal, Creech claims the circuit court erred in affirming the commission's ruling that he did not suffer an injury by accident because the ruling was controlled by an error of law. Creech alternatively claims the circuit court erred in reversing the commission's decision to require Ducane to pay Creech's medical bills, since these expenses are the result of a change in condition.

### I. Injury by Accident

The question of whether a claimant sustained an "injury by accident" within the South Carolina Workers' Compensation Act is a question of law. *Havird v. Columbia YMCA*, 308 S.C. 397, 418 S.E. (2d) 329 (Ct. App. 1992), cert. denied. Hence, this Court may review whether the com-

mission's determination that the occurrence in this case did not amount to an "injury by accident" is affected by an error of law. S.C. Code Ann. § 1-23-380(A)(6)(Supp. 1994).

In determining whether something constitutes an "injury by accident" the focus is not on some specific event, but rather on the injury itself. *Stokes v. First Nat. Bank*, 306 S.C. 46, 410 S.E. (2d) 248 (1991). The word "accident" means an unlooked for and untoward event which is not expected or designed by the person who suffers the injury. *Dickert v. Metropolitan Life Ins. Co.*, 311 S.C. 218, 428 S.E. (2d) 700 (1993). No slip, fall or other fortuitous event or accident in the cause of the injury is required; the unexpected result or industrial injury is itself considered the compensable accident. *Stokes v. First National Bank*, 306, S.C. 46, 49, 410 S.E. (2d) 248, 250 (1991) *citing Hiers v. Brunson Construction Co.*, 221 S.C. 212, 70 S.E. (2d) 211 (1952). Proof of a "causative event" is not required to establish "injury by accident." *Sigmon v. Dayco Corp.*, 316 S.C. 260, 449 S.E. (2d) 497 (Ct. App. 1994) (employee knelt to tighten bolts on a machine and his knee locked up as he attempted to stand; the commission found no "injury by accident" since there was no causative event, but the circuit court reversed, concluding the commission's order was based on an error of law, and this Court affirmed the circuit court under *Stokes*). Thus an "injury by accident" includes not only an injury the means or cause of which is an accident, but also an injury which is itself an accident, that is, an injury occurring unexpectedly from the operation of internal or subjective conditions, without the prior occurrence of any external event of an accidental character. *Id.*

We hold as a matter of law that the single commissioner erred in ruling Creech did not suffer an "injury by accident" within the meaning of the South Carolina Workers Compensation Act because he failed to establish a "slip, trip, sudden effort, etc." This error was continued by the full commission, which simply affirmed this ruling without comment and by the circuit court, which found "substantial evidence" existed to support the commission's decision.

For the reasons stated we reverse the circuit court order and remand for the commission to determine whether Creech suffered an "injury by accident" as it is defined in *Stokes v. First National Bank* and *Sigmon v. Dayco Corp.*

## II. Medical Expenses

Because the issue may arise again on remand, we address the alternative argument Creech makes on appeal. Creech claims the circuit court should not have reversed the commission's order requiring payment of his medical expenses because these expenses were the result of a change in condition since the 1991 award. We disagree.

The commission should not have reached this issue since Creech did not raise it at any time before the commission. South Carolina Code Ann. § 42-17-50 (1985) provides a party may file an application for review of the single commissioner's ruling; however, only issues within the application for review are preserved for the full commission. *Green v. City of Columbia*, 311 S.C. 78, 427 S.E. (2d) 685 (Ct. App. 1993) (holding the full commission did not have authority to address an issue not raised in an application for review).

Even if the issue had been raised to the commission, the award would be improper. The commission found Creech reached maximum medical healing for the earlier injury. Moreover, the 1991 award was final. The Workers' Compensation Act provides a mechanism by which the commission on its own motion may seek to reopen an award if there is a change in condition, but such review must "be made after twelve months from the date of the last payment of compensation pursuant to an award under" the Act. S.C. Code Ann. § 42-17-90 (1985). According to the record on appeal, Creech last received compensation on November 6, 1991, the date of the earlier award. Thus, any review for a change of conditions had to be undertaken no later than November 6, 1992. Accordingly, we affirm the circuit court's reversal of the full commission's award of additional medical benefits for the 1991 claim.

Affirmed in part, reversed in part and remanded.

SHAW and CONNOR, JJ., concur.