THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Timothy Murray, Claimant/Respondent,
 
 
 

v.

 
 
 
 Avondale Mills, Employer/Appellant.
 
 
 

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2006-UP-383
Submitted November 1, 2006  Filed November 27, 2006

AFFIRMED

 
 
 
 F. Earl Ellis, Jr., of Columbia; for Appellant.
 Ernest Caskey Trammell, of Anderson; for Respondent.
 
 
 

PER CURIAM:  In this workers compensation case, Avondale Mills, Inc. (Employer), appeals the circuit courts order affirming the decision of the Appellate Panel of the Workers Compensation Commission (Full Commission) awarding benefits to Timothy Murray for ruptured cervical discs.  We affirm.[1]
FACTS
On April 20, 2003, Murray, a twenty-three-year employee of Avondale Mills, sustained an injury to his neck while working as a slotter in the textile mill.  As a slotter, Murray monitored three frame machines through which cotton and polyester are fed.  This job required Murray to bend, stoop, squat, climb, push, pull, reach, twist and turn in order to keep the machines operational.  As part of this process, Murray was often required to fix an end by walking around the frame, stepping up on it, bending over and then putting the end up.  On the day of the injury, Murray was fixing the end on frame number eight when he noticed that frame number nine was getting ready to stop.  Murray then moved from frame number eight to frame number nine.  As Murray stood up, turned and twisted to his right while going down the two steps to tend to frame number nine, he felt pain in his neck and right arm.
Murray immediately reported the injury to his supervisor.  He then completed the remaining three hours of his shift.  Because the pain in his neck and right arm persisted, Murray sought treatment two days later from his family doctor.  Shortly thereafter, an MRI revealed that Murray had herniated C5-6 and C6-7 discs.  After physical therapy did not alleviate Murrays pain, Dr. Oetting, a neurosurgeon, performed surgery on Murray for an anterior cervical diskectomy and fusion with allograft and Atlantis plate.  Approximately three and a half months post-surgery, Dr. Oetting completed an affidavit in which he acknowledged that Murrays history of being injured at work was consistent with [his] findings of two disc ruptures at C5-6 centrally, and C6-7 to the right.  Dr. Oetting further noted that Murray had not reached maximum medical improvement as of the date of the affidavit.    
Murray filed a Form 50 to receive workers compensation benefits for his injury.  Employer denied the claim and disputed whether the injury occurred at work.  After a hearing, the single commissioner found Murray suffered a compensable injury to his neck and right arm on April 20, 2003.  In reaching this decision, the commissioner specifically found Murrays testimony to be credible.  Based on these findings, the commissioner ordered Employer to pay Murray medical expenses as well as temporary total disability benefits beginning on April 24, 2003, the day Murray stopped working, until further order of the Commission.  
The Full Commission unanimously affirmed the order of the single commissioner.  On appeal, the circuit court affirmed the decision of the Full Commission.  In its order, the circuit court noted that Employer essentially admits that Mr. Murray injured his neck at work; however, the employer contends Mr. Murrays neck injury was idiopathic and, therefore, did not arise out of his work.  The court rejected this contention and found that [w]hen considering all the circumstances relating to Mr. Murrays neck injury, there is certainly substantial evidence of a causal connection between the conditions under which the work is required to be performed and the resulting injury.  The court further stated there is substantial evidence that Mr. Murray was performing a physically demanding job requiring him to work hurriedly between machines, bend, go up and down steps and the injury occurred when he twisted his neck to move quickly between machines to keep them operational, which was a requirement of his job.  
Employer appeals the decision of the circuit court.
STANDARD OF REVIEW
The South Carolina Administrative Procedures Act establishes the standard of review for decisions by the Workers Compensation Commission. Lark v. Bi-Lo, Inc., 276 S.C. 130, 134-35, 276 S.E.2d 304, 306 (1981). In workers compensation cases, the Full Commission is the ultimate fact finder. Shealy v. Aiken County, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000).  The Full Commission is specifically reserved the task of assessing the credibility of the witnesses and the weight to be accorded evidence. Id. 
Accordingly, this Court will not substitute its judgment for that of the commission as to the weight of the evidence on questions of fact. Therrell v. Jerrys Inc., 370 S.C. 22, ___, 633 S.E.2d 893, 894 (2006).  [T]his Court may reverse or modify the commissions decision if Petitioner has suffered the appropriate degree of prejudice and the commissions decision is effected by an error of law or is clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Id. at ___, 633 S.E.2d at 895 (quoting S.C. Code Ann. § 1-23-380(A)(6)(2005)).  It is not within our province to reverse findings of the Commission which are supported by substantial evidence. Broughton v. South of the Border, 336 S.C. 488, 496, 520 S.E.2d 634, 637 (Ct. App. 1999).
DISCUSSION
I.
Employer argues the circuit court erred in finding that Murrays injury arose out of his employment.  Employer contends Murray failed to prove there was a causal connection between his work activities and the cervical disc ruptures.  We disagree.
In order to receive workers compensation benefits, Murray must prove that he sustained an injury by accident arising out of and in the course of the employment. S.C. Code Ann. § 42-1-160 (Supp. 2005).  The term arose out of refers to the origin of the cause of the accident, while the term in the course of refers to the time, place, and circumstances under which the accident occurred. Howell v. Pac. Columbia Mills, 291 S.C. 469, 471, 354 S.E.2d 384, 385 (1987).  Although the requirements are somewhat overlapping, they are not synonymous and both must exist simultaneously to allow the claimant to recover. Gibson v. Spartanburg Sch. Dist. #3, 338 S.C. 510, 518, 526 S.E.2d 725, 729 (Ct. App. 2000).
The injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. Broughton v. South of the Border, 336 S.C. 488, 497, 520 S.E.2d 634, 638 (Ct. App. 1999).  An injury occurs in the course of employment within the meaning of the Workers Compensation Act when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his duties and while fulfilling those duties or engaged in something incidental thereto.  Id. at 498, 520 S.E.2d at 639.  
Whether there is any causal connection between employment and an injury is a question of fact for the Commission.  Sharpe v. Case Produce, Inc., 336 S.C. 154, 159, 519 S.E.2d 102, 105 (1999).  Because causation is a question of fact, the full commissions decision on the issue must be affirmed if it is supported by substantial evidence in the record. Shuler v. Gregory Elec., 366 S.C. 435, 440, 622 S.E.2d 569, 571 (Ct. App. 2005).
Therefore, we must affirm the Commissions ruling unless it is clearly erroneous in view of the substantial evidence on the whole record.  Nettles v. Spartanburg Sch. Dist. #7, 341 S.C. 580, 586, 535 S.E.2d 146, 149 (Ct. App. 2000).   Substantial evidence is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action.  Miller by Miller v. State Roofing Co., 312 S.C. 452, 454, 441 S.E.2d 323, 324-25 (1994) (quoting Lark v. Bi-Lo, Inc., 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981)).  The substantial evidence rule does not allow judicial fact-finding, or the substitution of judicial judgment for agency judgment.  A judgment upon which reasonable men might differ will not be set aside.  Todds Ice Cream, Inc. v. South Carolina Employment Sec. Commn, 281 S.C. 254, 258, 315 S.E.2d 373, 375 (Ct. App. 1984).  However, [w]here there is a conflict in the evidence, either of different witnesses or of the same witnesses, the findings of fact of the Commission as triers of the fact are conclusive.  Holcombe v. Dan River Mills/Woodside Div., 286 S.C. 223, 225, 333 S.E.2d 338, 340 (Ct. App. 1985).
Our review of the record indicates there was substantial evidence to support the Commissions finding that Murrays injury arose out of his employment.[2]  Murrays employment as a slotter required him to walk, bend, stoop, squat, climb, push, pull, reach, twist and turn to keep operational the three machines for which he was responsible.  Based on these work-related actions, Murray acknowledged that his job was rather physical.  He further stated that he had to move between the machines in a hurry fashion.  At the time of the injury, Murray was in the process of performing these tasks.  Murray testified his job required him to work at a steady pace and walk in a hurry to keep the frames running.  At the time of the injury, Murray testified he was fixing an end on machine number eight when he noticed a problem with machine number nine.  He stated that he hurt his neck and his arm when he stepped down and then twisted and turned to work on machine number nine. 
Significantly, Murray further testified that he had no physical problems prior to the accident and had already worked approximately nine hours of his twelve-hour shift.  Murray also testified, and supported with documentation, that he had an excellent, twenty-three-year work history which included several years of perfect attendance.  Finally, Dr. Oetting, Murrays treating neurosurgeon, stated in an affidavit that Mr. Murrays history of being injured at work was consistent with [his] findings of two disc ruptures at C5-6 centrally, and C6-7 to the right.  Thus, there is substantial evidence that Murrays injury was related to the performance of his employment duties.
Additionally, we reject Employers contention that Murrays injury was not compensable because it was similar to cases where our appellate courts declined to compensate an employee who suffered an idiopathic fall while at work. See, e.g., Bagwell v. Ernest Burwell, Inc., 227 S.C. 444, 450, 888 S.E.2d 611, 613-14 (1955) (denying compensation where claimant failed to show any causal connection between the fall of the deceased and his employment when evidence indicated that deceaseds fall occurred while he was standing at his desk and was due to some internal failure or weakness); Miller v. Springs Cotton Mills, 225 S.C. 326, 330, 82 S.E.2d 458, 459 (1954) (finding claimant failed to show injury by accident arising out of and in the course of her employment where claimants injury, which occurred in employers cafeteria while she was eating lunch, was the result of some internal failure or breakdown in the knee which might have happened at any time); Crosby v. Wal-Mart Store, Inc., 330 S.C. 489, 493, 499 S.E.2d 253, 256 (Ct. App. 1998) (holding claimant not entitled to benefits because claimant failed to show causal connection between her fall and her employment where evidence indicated that claimant fell while walking on level floor in employers store).  Unlike the above-cited cases, Murrays injury occurred while he was performing the physical demands of maintaining the operation of the three frames.  In contrast, the employees in the cases cited by Employer were injured from an unexplained fall from walking on a level floor or a fall from a blackout.  
Furthermore, the fact that Murray was not carrying, pushing, or lifting something, as Employer proposes is a necessary requirement, at the time of the injury is not dispositive of whether he was entitled to compensation.  We discern no such requirement under the standard of arising out of the course of employment.  See Ellis v. Spartan Mills, 276 S.C. 216, 219, 277 S.E.2d 590, 592 (1981) (finding claimant was entitled to compensation where evidence established that claimant, a loom operator, suffered her back injury during a work activity when she bent forward to retrieve a thread that was lying on the floor);   Sigmon v. Dayco Corp., 316 S.C. 260, 262, 449 S.E.2d 497, 498 (Ct. App. 1994) (recognizing that an injury by accident does not necessarily require a causative event and stating the unexpected result or industrial injury is itself considered the compensable accident).
II.
Employer asserts the circuit court erred in finding that Murray was injured when he twisted his neck at work.  Specifically, Employer argues there is absolutely no testimony that Claimant injured his neck as he was hurriedly raising up from being bent over, or that he was twisting his neck at the time of the injury.  Employer claims there are no facts to support that finding and, thus, it was reversible error to conclude that Murrays claim was compensable.  We disagree.
As outlined above, Murray testified that he was in a hurry and working at a steady pace at the time of his injury.  He also acknowledged that there was a sense of urgency when he went between machine number eight and machine number nine at the time of the injury.  Additionally, Murray testified that he hurt his neck and arm when he turned and twisted while going toward machine number nine.  He also stated that he felt pain in his neck and arm during the process of going between the two frames.  Murray specifically testified that he felt the pain [a]s soon [as] I turned, I twisted.  As previously stated, Dr. Oetting found that the history of the injury given by Murray was consistent with his findings of the two disc ruptures.  Furthermore, the single commissioners order, which was unanimously affirmed by the Full Commission, found Murray to be a very credible witness.  Accordingly, we reject Employers claim that the circuit court mischaracterized the facts to reach the conclusion that Murrays injury was compensable.
Based on the foregoing, the order of the circuit court is
AFFIRMED.
ANDERSON, HUFF, and BEATTY, JJ., concur.

[1] Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Employer does not appear to challenge whether Murrays injury occurred in the course of his employment.  In its brief, Employer contends the injury merely happened at work but it was not caused by work.  Accordingly, we confine our analysis to a determination of whether the injury arose out of Murrays employment.