THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Stephen M. Whisonant, Respondent,
 
 
 

v.

 
 
 
 Protection Services, Inc., and Travelers Indemnity Company, Appellants.
 
 
 

Appeal From Richland County
 James W. Johnson, Jr., Circuit Court Judge

Unpublished Opinion No. 2007-UP-019
Submitted January 1, 2007  Filed January 11, 2007    

AFFIRMED

 
 
 
 Byron Putnam Roberts, of Columbia, for Appellants
 Stephen Benjamin Samuels, of Lexington, for Respondent.
 
 
 

PER CURIAM:  In this workers compensation case, the circuit court affirmed the decision of the Appellate Panel of the Workers Compensation Commission, in which the Appellate Panel held Stephen M. Whisonant had not reached maximum medical improvement and was entitled to temporary total disability compensation and additional medical treatment.  The employer, Protection Services, Inc., and carrier, Travelers Indemnity Company (collectively Protection Services) appeal.  We affirm.[1]  
FACTUAL/PROCEDURAL BACKGROUND
Whisonant was involved in an admitted work-related accident in the early hours of January 11, 2001.  While he was returning from a job site, the truck he was driving was rear-ended by a tractor trailer on I-95.  Whisonants truck flipped up in the air, rolled twice, and landed on its top.  Whisonant was knocked unconscious by the accident.  He was treated at the Colleton County Medical Center emergency room for a neck injury, a concussion, contusions on his chest, and abrasions on his left flank.  He declined x-rays but had a ct scan on his head.  Later that day he was treated at Doctors Care, the company health care facility.  During a follow-up visit, he was diagnosed with cervical strain.  At Whisonants February 17, 2001 visit, the doctor noted the cervical strain was resolved and released Whisonant with no restrictions.   Whisonant did not miss any work due to the accident.  He continued working for Protection Services until his employment was terminated for unrelated reasons in August of 2001.
Whisonant testified that when he was released by Doctors Care, he had a stiff neck and had trouble turning his head when backing up trucks.  Around two weeks after being released, he started experiencing numbness in his right arm when driving or keeping his arm in the same position for extended periods of time.  His symptoms continued to worsen over time. 
On January 25, 2002, Whisonant was treated at Richland Memorial Hospital, where he related that since his accident he had been bothered by neck pain and occasional numbness in his right arm.   He sought treatment at the emergency room on March 25, 2002 complaining of extreme pain in his right shoulder.  Whisonant explained this was the first time he experienced so much pain that he had to go to the emergency room.  He was diagnosed with Right C6 radiopathy and set up for an MRI.  The MRI report stated Impression is of Multilevel degenerative disc, facet, and uncovertebral spondylosis.     
Whisonant was seen again at Doctors Care on June 27, 2002.  The doctor noted Whisonant had palpable spasm and pain.  He placed the following restrictions on the return to work form:  No lifting more than 10 pounds.  No operation of hazardous or fast-moving machinery, no driving.  Ground level work only, no ladder or heights.  No repeated bending, stooping, squatting, pushing, jerking, twisting or bouncing.  No continuous standing.  Minimum [walking], climbing (includes stairs).  No overhead lifting.  In addition, the doctor referred Whisonant to a neurosurgeon.  However, Protection Services refused to pay for Whisonant to see the neurosurgeon.  
At his attorneys suggestion, Whisonant saw an orthopedist, Dr. Donald R. Johnson, II, on September 22, 2002.  Dr. Johnson recommended an injection and if that was not successful within three weeks or so then he have surgical decompression.  He opined Whisonant had not reached maximum medical improvement (MMI).  Whisonant was prescribed Celebrex, Tylox, and Neurontin for the pain.      
Whisonant filed a Form 50 seeking additional medical treatment for his neck and right arm plus temporary total disability from June 27, 2002 until he reaches maximum medical improvement.  The single commissioner held Whisonant had not reached maximum medical improvement.  He found Whisonant was entitled to additional medical treatment as directed by Dr. Johnson as the authorized treating physician and ordered Protection Services to reimburse Whisonant for the previous treatment by Dr. Johnson.  The commissioner ruled Whisonant was entitled to receive temporary total disability compensation from June 27, 2002, the date the authorized treating physician put him on light duty, and continuing on a running award of $421.78 until further order of the commission.  The Appellate Panel of the South Carolina Workers Compensation Commission affirmed the single commissioners decision and incorporated by reference the single commissioners findings of fact and conclusions of law.  The circuit court affirmed the Appellate Panels order.  This appeal followed.   
STANDARD OF REVIEW
The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers Compensation Commission.  Lark v. Bi-Lo, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981).  This court can reverse or modify the Appellate Panels decision only if the appellants substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.  Shealy v. Aiken County, 341 S.C. 448, 454, 535 S.E.2d 438, 442 (2000); S.C. Code Ann. § 1-23-380(A)(5) (Supp. 2006).  Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached.  Shealy, 341 S.C. at 455, 535 S.E.2d at 442.  The possibility of drawing two inconsistent conclusions does not prevent the Appellate Panels conclusions from being supported by substantial evidence.  Tiller v. Natl Health Care Ctr., 334 S.C. 333, 338, 513 S.E.2d 843, 845 (1999).
DISCUSSION
Protection Services argues the circuit court erred in affirming the finding of the Appellate Panel that Whisonants present complaints were causally related to his work-related accident.  We disagree.  
If a medical expert is unwilling to state with certainty a connection between an accident and an injury, the expression of a cautious opinion may support an award if there are facts outside the medical testimony that also support an award. Tiller v. Natl.  Health Care Ctr., 334 S.C. 333, 340, 513 S.E.2d 843, 846 (1999);  Muir v. C.R. Bard, Inc., 336 S.C. 266, 286, 519 S.E.2d 583, 593 (Ct. App. 1999).  Proof that a claimant  sustained an injury may be established by circumstantial and direct evidence where circumstances lead an unprejudiced mind to reasonably infer the injury was caused by the accident.  However, such evidence need not reach such a degree of certainty as to exclude every reasonable or possible conclusion other than that reached by the Commission.   Tiller, 334 S.C. at 341, 513 S.E.2d at 846-47 (citations omitted).      
Protection Services contends Whisonant failed to present evidence of even a cautious medical opinion to support the award.  We disagree with this interpretation of Whisonants doctors diagnosis.  Whisonants orthopedist, Dr. Johnson, wrote in his evaluation of Whisonant:  I cannot ascertain whether the accident is causally related to his current symptoms other than by the history given to me by the patient.  He related Whisonants history and then stated, I suspect that he had an aggravation of a pre-existing condition.  
We find Dr. Johnson did in fact render a cautious opinion that Whisonants current symptoms were causally related to the accident.  The aggravation of a pre-existing condition is a compensable injury.  See Brown v. R.L. Jordan Oil Co., 291 S.C. 272, 275, 353 S.E.2d 280, 282 (1987) (stating when a pre-existing condition or disease is accelerated or aggravated by injury or accident arising out of and in the course of the employment, the resulting disability is a compensable injury).   Dr. Johnson merely qualified his opinion that his diagnosis was based on the history Whisonant provided him.  The Appellate Panel found Dr. Johnsons report with Whisonants history of no symptoms before the accident but symptoms afterwards was sufficient to prove a causal connection between the accident and the injury.  We find substantial evidence in the record to support this finding.  
Protection Services contends Whisonants failure to report neck or arm problem to Doctors Care during his visits immediately after the accident, to other doctors during visits for other ailments, or to his supervisors evidences his claim for an accident-related injury lacks credibility.    
In the order adopted in its entirety by the Appellate Panel, the single commissioner found:

 While I am concerned about the gap in treatment and the periods where Claimant saw doctors for unrelated reasons and did not complain of neck or arm problems, this can be attributed to the progressive nature of Claimants problems and Claimants quiet nature.  I find Claimant is not a person who complains about his problems.  This is based on the medical records, Claimants testimony and the testimony of Venus Mace.  

 The final determination of witness credibility and the weight to be accorded evidence is reserved to the [Appellate Panel].  It is not the task of this Court to weigh the evidence as found by the [Appellate Panel].  Shealy v. Aiken County, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) (citations omitted). 
As the Appellate Panel found Whisonant credible and there is substantial evidence in the record to support its finding that his injuries were causally connected to his work-related accident, we hold the circuit court did err in affirming the Appellate Panels decision.  
Protection Services argues the circuit court erred in affirming the finding of the Appellate Panel that Whisonant is not at MMI and is entitled to temporary total disability benefits since June 27, 2002.  We disagree.  
Dr. Johnson stated in his report, I certainly dont feel [Whisonant] has reached maximum medical improvement.  He recommended a cervical injection and if that was not successful in three weeks or so, surgical decompression and fusion at three levels.  The Appellate Panel considered this report, as well as his other doctors records, in concluding Whisonant had not reached MMI.  We find this conclusion is clearly supported by substantial evidence.  
At the end of its brief, Protection Services argues against an award of benefits because Claimant was terminated from his job with the employer for violation of company policy and he has since voluntarily removed himself from the labor market.[2]  Protection Services failed to raise this argument in its request for commission review.  Therefore, the argument is not properly before this court. Rodney v. Michelin Tire Corp., 320 S.C. 515, 517, 466 S.E.2d 357, 358 (1996) (stating arguments not raised to the workers compensation commission are not preserved for appeal);  Creech v. Ducane Co., 320 S.C. 559, 564, 467 S.E.2d 114, 117 (Ct. App. 1995) (stating only issues within the application for review are preserved for appeal to the commission).
CONCLUSION
For the above stated reason, the order of the circuit court is 
AFFIRMED.
ANDERSON, HUFF, and BEATTY, JJ. concur.      

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Whisonant testified that after his employment with Protection Services was terminated, he attempted to look for other employment until his unemployment benefits ended.  He then gave up trying to find another job as he could not find anything that that he could do considering his injuries.