**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

David G. Jones, Employee, Claimant, Appellant,

v.

Warden & Smith Concrete, Employer, and Bridgefield Casualty Insurance Company c/o Summit Holdings, Inc., Carrier, Respondents.

Appellate Case No. 2013-000931

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2015-UP-210
Heard October 9, 2014 – Filed April 22, 2015

**REVERSED AND REMANDED**

Blake Alexander Hewitt and John S. Nichols, of Bluestein Nichols Thompson & Delgado, LLC, of Columbia; and William L. Smith, II, of Chappell Smith & Arden, PA, of Columbia, for Appellant.

Nicolas Lee Haigler, of Sowell Gray Stepp & Laffitte, LLC, of Columbia, for Respondents.

**PER CURIAM:**  In this workers' compensation case, David G. Jones appeals the findings of the Workers' Compensation Commission (Commission) that (1) Jones attained maximum medical improvement (MMI) and (2) Jones was not a credible witness.  We reverse and remand for further proceedings.

Whether an individual has attained MMI is a factual determination to be made by the Commission and must be upheld on review unless unsupported by substantial evidence.  *Curiel v. Envtl. Mgmt. Servs.*, 376 S.C. 23, 29, 655 S.E.2d 482, 485 (2007).  The issue in this case stems from the Commission's failure to explain the rule of law it applied, as statutorily mandated, in reaching its determination as to whether Jones attained MMI.  *See* S.C. Code Ann. § 1-23-350 (2005) ("A final decision shall include findings of fact and conclusions of law, separately stated.").  Here, the Commission determined that Jones attained MMI by using statements from two physicians from whom Jones sought treatment after his injury, which stated that each physician "had nothing further" to offer Jones within the physician's respective area of medical expertise.  Therefore, the Commission may have applied an incorrect legal standard.  *See Curiel*, 376 S.C. at 29, 655 S.E.2d at 485 ("The term 'maximum medical improvement' means a person has reached such a plateau that, in the physician's opinion, no further medical care or treatment will lessen the period of impairment.").  Absent clear understanding of the legal standard upon which the finding of MMI was based, we are unable to determine whether Jones's substantial rights were prejudiced so as to warrant altering the Commission's decision.  *See* S.C. Code Ann. § 1-23-380(5)(e) (Supp. 2014) (allowing the court, in a judicial review proceeding, to reverse or modify a decision of the administrative agency "if substantial rights of the appellant have been prejudiced because [such] findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record").  Because of this uncertainty, we reverse the finding that Jones attained MMI and remand this case to the Commission for a rehearing followed by an order that includes a specific explanation of the rule of law the Commission is applying to the facts.  *See* S.C. Code Ann. § 1-23-380(5) ("The court may affirm the decision of the agency or remand the case for further proceedings.").  In reversing the finding of MMI and remanding the matter to the Commission, we do not decide the issue of the sufficiency of the evidence to support the ruling at issue here and give the Commission the opportunity to revisit its determination as to whether, based on the present record, Jones attained MMI.  *See Shealy v. Algernon Blair, Inc.*, 250 S.C. 106, 110, 156 S.E.2d 646, 648 (1967) ("Only the Commission is authorized to pass upon the weight of the evidence in a workmen's compensation case, and it is proper to remand a case to it for required findings where the record

contains evidence from which such findings may be made."); *Sigmon v. Dayco Corp.*, 316 S.C. 260, 262-63, 449 S.E.2d 497, 498-99 (Ct. App. 1994) (holding the circuit court, in a judicial review of a workers' compensation case, "usurped the [C]ommission's authority to make findings of fact" and remanding the case to the Commission "to determine anew, based on the present record," whether the claimant sustained an injury by accident).

Because our determination of the first issue disposes of this appeal, we do not address the issue of credibility. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**REVERSED AND REMANDED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**