1194

Jerry TOBEY, Jr., Respondent v. L & P CONSTRUCTION COMPANY, Employer, and Pennsylvania National Mutual Casualty Company, Appellants.

(370 S. E. (2d) 897)

Court of Appeals

*Harold E. Trask, Jr.*, and *Belton T. Zeigler*, of *Sinkler & Boyd*, Charleston, *for appellants.*

*Donald H. Howe* and *Alvin Hammer*, Charleston, *for respondent.*

Heard May 24, 1988.

Decided July 11, 1988.

GARDNER, Judge:

Jerry Tobey, Jr. (the claimant), in this workers' compensation case, maintains that he suffered on June 18, 1985, a work-related back injury while working for L & P Construction Company (the employer). The single commissioner found as a matter of fact that the claimant had not proved that the "accident" of June 18, 1985 had occurred. On appeal to the full commission, the findings of fact by the single commissioner were affirmed. On appeal to the Court of Common Pleas, the trial judge vacated the commission's order and remanded the cause to the full commission for "further determination of all issues presented." We reverse and remand.

The evidence of record is conflicting as to whether an "accident" occurred as alleged on June 18, 1985. The claimant testified that on June 18, 1985, he, along with Jeffrey Nailling (Nailling) and Claude Peeples (Peeples) were setting framing grates. According to the claimant, he, Peeples and Nailling had lifted one of the grates and were moving it into position where it could be set into a bed of wet mortar. The claimant testified that, if the grates were not seated with care, their weight would push the mortar into the drain. He further testified that when he and his co-workers, Peeples and Nailling, were about to set one particular grate in place, he felt a sharp pain in his back, dropped his end of the grate, stood up and walked around complaining of the pain; he testified that he told Mr. John C. Richardson (Richardson), the construction superintendent, of the accident on the day it happened or the following day. The claimant, however, did not seek medical attention until about ten days after the purported accident; he continued to work for the employer until August 1985 when he fell in the shower at home.

At the hearing Peeples testified that he in fact was working with Tobey at the time in question but that Tobey did not drop the grate, and did not complain of pain or back injury during the time that he was working. And Richardson testified that at no time in June 1985 did the claimant make a report to him. Additionally, there was testimony to the effect that the claimant had complained of back pain a good while before the accident occurred.

Dr. Morris, the plaintiff's family doctor, testified in his deposition that he had treated the claimant for prostatitis but had never before treated him for back injury; he testified that about ten days after the alleged "accident," the claimant came to him complaining of pain in his right leg and hip for which Dr. Morris prescribed drugs. Eventually, the complainant, while he was in the shower bathing, experienced a collapse of his leg, and then went to Dr. Morris; it was about this time that the claimant quit working for the employer.

Dr. Morris' deposition testimony and correspondence indicate that the claimant had suffered, what he believed to be, a herniated nucleus pulposus (a herniated disc). Dr. Morris testified that he saw the claimant on July 29, and at that

time the claimant displayed the first objective sympton of some sort of injury; that symptom, the loss of his right ankle reflex, was a new development. From this symptom, Dr. Morris concluded that there was something in his lower back putting pressure on the nerve that controlled the reflex. At that time he was given a stronger anti-inflammatory drug. Sometime around the middle of August 1985, the claimant was referred to Dr. Barrone, a neurosurgeon from Charleston, South Carolina. Dr. Morris testified that he consulted with Dr. Barrone. After the hearing before the single commissioner on December 17, 1985, although the claimant's attorney had made no reservation for subsequent evidence or testimony, he attempted to introduce the results of a CT scan made by Dr. Robert N. Steinberg and copied to Dr. Barrone on December 24, 1985. On January 3, 1986, Dr. Morris reported this diagnosis to the claimant. A motion was made before the single commissioner to include the CT scan and accompanying diagnosis as part of the record. The motion was denied; this denial was affirmed by the full commission. This Court, however, has carefully examined the report and given it due consideration in its decision making process.

The single commissioner's decision reviews the conflicting testimony and concludes, with emphasis in his written decision, that the claimant had a pre-existing back injury or condition; the hearing commissioner found as a matter of fact that the accident alleged to have occurred on June 18, 1985, had not occurred; the effect of the commissioner's order, although expressed more euphemistically, is that the single commissioner found as a matter of fact that the claimant had untruthfully testified that he was injured while working. There is substantial evidence of record to support the findings of fact by the single commissioner, concurred in by a majority of the full commission.

The determinative issue on appeal is whether there is substantial evidence of record to support the findings of fact by the commission that the claimant's injury did not arise out of and in the course of his employment with L & P Construction Company.

The scope of review of the Court of Common Pleas, as well as of this Court, is statutorily established by Section

1-23-380(g), Code of Laws of South Carolina (1986), which in effect requires that the decision of the commission will not be overturned by a reviewing court unless it is unsupported by substantial evidence of record. Substantial evidence of record is statutorily defined as evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the commission reached. Substantial evidence is defined as something less than the weight of the evidence. *Grayson v. Gulf Oil Co.*, 292 S. C. 528, 357 S. E. (2d) 479 (Ct. App. 1987).

Cases of our Supreme Court bind this Court and the Court of Common Pleas to the statutorily imposed scope of review. *E.g., Howell v. Pacific Columbia Mills*, 291 S. C. 469, 354 S. E. (2d) 384 (1987) and cases cited therein.

The tests applied to by the Court of Common Pleas and this Court must not be either judicial fact-finding or a substitution of judicial judgment. The possibility that two inconsistent conclusions could be drawn from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. *Brown v. R. L. Jordan Oil Co.*, 291 S. C. 272, 353 S. E. (2d) 280 (1987).

The weight to be ascribed to particular testimony is for the commission to determine and not the Court of Common Pleas or this Court. *State ex rel. Utilities Commission v. Duke Power Co.*, 305 N. C. 1, 287 S. E. (2d) 786 (1982).

The appealed order from the Court of Common Pleas held that the single commissioner relied too much on evidence that there was a pre-existing injury to claimant's back and, in effect, held that this belief was the basis of the commissioner's finding that the alleged work-related "accident" did not occur. We disagree; aside from the testimony relating to the existence or nonexistence of a pre-existing injury to claimant's back, there is substantial evidence of record to support the commissioner's finding of fact that the accident did not occur as alleged. And we so hold.

The appealed order reasoned that under applicable law, medical testimony established that there was no pre-existing condition. The trial judge relied upon the following language from the case of *Herndon v. Morgan Mills, Inc.*, 246 S. C. 201, 143 S. E. (2d) 376 (1965):

> [W]here the subject is one for experts or skilled witnesses alone and concerns a matter of science or specialized art or other matters of which a layman can have no knowledge, the unanimous opinion of the medical experts on a particular subject may be conclusive even if contradicted by lay witnesses. [Citations omitted.]

246 S. C. at 216, 143 S. E. (2d) at 384.

The reasoning of the appealed order is misplaced. First, as we have held, aside from the testimony relating to the existence or nonexistence of a pre-existing injury to claimant's back, there is substantial other evidence of record to support the commissioner's finding of fact that the accident did not occur as alleged. And, second, *Herndon* does not apply to the present situation. In the case before us, whether the "accident" occurred as alleged is not a matter for experts or skilled witnesses *alone*; it can be addressed by lay testimony and we hold that it is not a situation in which "a layman can have no knowledge." Finally, whether the alleged accident did nor did not happen at the time and place alleged by the claimant was a matter of fact to be determined by the commission, and lay testimony was pertinent to this issue. And we so hold.

The trial judge erred in construing the commissioner's order as holding that a pre-existing condition of the claimant was the basis of the commissioner's finding that the accident did not occur as alleged. The commissioner based his decision upon the credibility of witnesses whose testimony as to whether the accident actually occurred conflicted with the testimony of claimant and his witnesses. We hold that the testimony relied upon by the commissioner is substantial evidence and therefore the appealed order is erroneous.

For the reasons stated, the appealed order is reversed and the case is remanded with instructions to enter judgment in accordance with this decision.

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.