661 S.E.2d 118

**Mary Ann TURNER, Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL and State Accident Fund, Respondents.**

No. 4353.

Court of Appeals of South Carolina.

Submitted Jan. 1, 2008.

Decided March 10, 2008.

Rehearing Denied May 22, 2008.

---

4. We decide this case without oral argument pursuant to Rule 215, SCACR.

542

Ronald A. Hightower, of Lexington, for Appellant.

Clarke W. McCants, of Aiken, and Cynthia B. Polk, of Columbia, for Respondents.

HEARN, C.J.:

Mary Ann Turner appeals the circuit court's order affirming the South Carolina Workers' Compensation Commission (Appellate Panel). Turner contends the circuit court erred in finding substantial evidence existed for the Appellate Panel to hold she sustained a thirty percent permanent partial disability to her back and had reached maximum medical improvement. Turner also maintains the circuit court erred in failing to find she is entitled to have her doctor designated as the authorized treating medical provider and in failing to find she is entitled to an award for travel reimbursement. We affirm in part, reverse in part, and remand as follows.

## FACTS/PROCEDURAL HISTORY

Turner fell and injured her back on November 16, 1999, while exiting the South Carolina Department of Health and Environmental Control (DHEC) building for a fire drill. Following the accident, DHEC provided medical treatment and paid temporary total compensation to Turner. Thereafter, a hearing was held before a single commissioner. At the hearing, Turner asserted she had injuries to her neck, arms, and legs as a result of the accident. Turner also sought payment of additional temporary total compensation. The commissioner found Turner had reached maximum medical improvement from her injury on October 10, 2001, and that she was not entitled to additional medical care. The commissioner also found Turner was entitled to a finding of thirty percent permanent partial disability to her lower back, and that Turner had not sustained any additional injuries.

Turner then sought Appellate Panel review. Following a hearing, the Appellate Panel affirmed the single commissioner, adding, however, that Turner was entitled to additional medical care. Following Turner's request for judicial review of the Appellate Panel's decision, the circuit court determined the Panel's findings of fact were insufficient and incomplete, and remanded the matter to the Panel to enter additional factual findings.

Pursuant to the circuit court's order, the Appellate Panel issued a new decision and order, again finding Turner sustained a thirty percent permanent partial disability to her

lower back and had reached maximum medical improvement. The Panel also found Turner was entitled to ongoing medical treatment; however, it then ruled that Respondents should be responsible for all causally related and authorized medical treatment to the Claimant's lower back *until the date of maximum medical improvement.* Turner appealed the Panel's decision to the circuit court a second time. After the subsequent hearing, the circuit court affirmed the Appellate Panel in full, finding that the factual findings and conclusions of law were supported by substantial evidence contained in the record.

## STANDARD OF REVIEW

The South Carolina Administrative Procedures Act governs judicial review of a decision of an administrative agency. *Clark v. Aiken County of Gov't,* 366 S.C. 102, 107, 620 S.E.2d 99, 101 (Ct.App.2005). Section 1–23–380(a)(5) of the South Carolina Code (Supp.2006) establishes the substantial evidence rule as the standard of review. Under this standard, a reviewing court may reverse or modify an agency decision based on errors of law, but may only reverse or modify an agency's findings of fact if they are clearly erroneous. The court reviewing the agency's decision should not substitute its own findings of fact for those of the agency nor should the court substitute its judgment for that of the agency as to the weight of the evidence. *Tobey v. L & P Constr. Co.,* 296 S.C. 122, 125, 370 S.E.2d 897, 899 (Ct.App.1988).

## LAW/ANALYSIS

### I.

Turner first asserts the circuit court erred in finding the Appellate Panel set forth adequate findings of fact and conclusions of law to support its decision in this case. We disagree.

The Appellate Panel's findings must be sufficiently detailed to enable the reviewing court to determine whether the findings are supported by the evidence. *Parsons v. Georgetown Steel,* 318 S.C. 63, 66, 456 S.E.2d 366, 368 (1995). In this case, the Appellate Panel amended its original decision

and order to include more specific findings of fact. In its amended order, the Appellate Panel makes reference to specific medical reports establishing the course of treatment for Turner, the various diagnoses made as part of her care and treatment, the dates on which various providers found her to have reached maximum medical improvement, and their opinions regarding the degree of permanent physical impairment sustained by Turner as a result of the injury. Moreover, the Appellate Panel makes specific reference to those portions of the testimony presented to the single commissioner which support the findings and conclusions regarding the reasons she left her work and the extent of permanent disability. Therefore, we find the circuit court did not err in concluding that the Appellate Panel's findings were sufficiently detailed.

## II.

Turner also asserts the circuit court erred in concluding that the decision of the Appellate Panel is supported by substantial evidence. We disagree.

Turner was evaluated by Dr. W. David Redmond who found she sustained a lumbar strain and aggravation of a pre-existing degenerative arthritic condition and sustained seven percent impairment to her lower back. Dr. Donald Johnson stated Turner suffered from degenerative lumbar disc disease and from a cervical strain. He also stated that Turner had reached medical maximum improvement and suffered ten percent impairment to her back and five percent impairment to her neck. Moreover, Dr. Guy Heyl, to whom Turner was referred by her attorney, opined that her neck and upper extremity problems were not related to her fall down the stairs, and that she had sustained a fourteen percent impairment to her back. Finally, Turner was seen by Dr. Jeffrey Rueben in November of 2001, who stated he did not recommend any additional treatment.

The record, therefore, is replete with evidence sufficient to satisfy the Appellate Panel's findings. "Substantial evidence is evidence that, in viewing the record as a whole, would allow reasonable minds to reach the same conclusion that the [Appellate Panel] reached." *Lockridge v. Santens of America, Inc.*, 344 S.C. 511, 515, 544 S.E.2d 842, 844 (Ct.App.

2001). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Lee v. Harborside Café*, 350 S.C. 74, 78, 564 S.E.2d 354, 356 (Ct.App.2002) (quoting *Palmetto Alliance, Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984)). Accordingly, we find the circuit court did not err.

## III.

Turner next asserts she is entitled to an award of ongoing and future medical treatment pursuant to *Dodge v. Bruccoli, Clark, Layman, Inc. et al.*, 334 S.C. 574, 514 S.E.2d 593 (Ct.App.1999). DHEC concedes this issue in its brief; therefore Turner is entitled to that award.

## IV.

■ Turner also contends Southern Neurological Institute should have been designated as the authorized treating medical provider, and DHEC should be required to pay all medical expenses associated therewith.

■ Turner argues she is entitled to have her doctors declared the authorized physicians, and that defendants are required to pay for such medical costs. This proposition is inconsistent with S.C.Code Ann. § 42–15–60 (Supp.2007) and § 42–9–10 (1985), which establish the rights of the employer and the employee with regard to payment for treatments, and ultimately gives great deference to the Appellate Panel. This statute does not give a unilateral right to claimants to select their treating physician, and such an unencumbered right undermines the authority of the commission, as prescribed by the legislature. Accordingly, we find there is substantial evidence to support the Appellate Panel's decision not to declare Turner's doctors the authorized physicians in this case.

## V.

Finally, Turner contends she is entitled to reimbursement for travel expenses. Turner relies on Section 67–1601 of the South Carolina Code of Regulations (1976), which is titled

"Expenses Incurred in Receiving Medical Treatment, Reimbursement." It states the following:

A.   The expenses incurred for travel to receive medical attention which shall be reimbursed to the claimant are:

(1) Mileage to and from a place of medical attention which is more than five miles away from home in accordance with the amount allowed state employees for mileage; and

(2) Actual cost of expenses incurred in using public transportation; and

(3) Actual cost of reasonable overnight lodging and subsistence.

B.   The claimant shall receive reimbursement from the employer's representative.

Turner appears to be entitled to reimbursement from DHEC's representative under this statute.   Moreover, DHEC does not address this issue in its brief.   *See First Union Nat'l Bank v. FCVS Communications*, 321 S.C. 496, 502, 469 S.E.2d 613, 617 (Ct.App.1996) (if respondent fails to respond to an issue in his brief, the appellate court may treat the failure to respond as a confession that the appellant's position is correct), *reversed on other grounds*, 328 S.C. 290, 494 S.E.2d 429 (1997).   However, since it is not clear from the record the amount of money Turner is seeking for travel reimbursement, we remand this case to the circuit court for the purpose of entering an appropriate order remanding the case to the Appellate Panel for a hearing solely on the issue of travel reimbursement.

## CONCLUSION

Based on the foregoing reasons, we conclude there is substantial evidence to affirm the circuit court's findings; however, we modify the order to the extent Turner is entitled to ongoing and future medical treatments, and remand the issue of travel reimbursement.   The decision of the circuit court is accordingly

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

KITTREDGE, J., and THOMAS, J., concur.