**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Billy Lisenby, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2013-002276

Appeal From The Administrative Law Court
Carolyn C. Matthews, Administrative Law Judge

Unpublished Opinion No. 2015-UP-035
Submitted November 1, 2014 – Filed January 14, 2015

**AFFIRMED**

Billy Lee Lisenby, Jr., pro se.

Daniel John Crooks, III, and Shanika Kenyetta Johnson, of the South Carolina Department of Corrections, of Columbia, for Respondent.

**PER CURIAM:**  Billy Lee Lisenby, Jr., an inmate incarcerated by the South Carolina Department of Corrections (SCDC), appeals the administrative law court's (ALC's) order affirming his disciplinary conviction for possession of a

weapon.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether SCDC violated Lisenby's due process rights:  *Turner v. S.C. Dep't of Health & Envtl. Control*, 377 S.C. 540, 544, 661 S.E.2d 118, 120 (Ct. App. 2008) ("[A] reviewing court may reverse or modify an agency decision based on errors of law . . . ."); *Al-Shabazz v. State*, 338 S.C. 354, 369-70, 527 S.E.2d 742, 750 (2000) ("The statutory right to sentence-related credits is a protected 'liberty' interest under the Fourteenth Amendment, entitling an inmate to minimal due process to ensure the state-created right was not arbitrarily abrogated."); *id.* at 371, 527 S.E.2d at 751 ("[T]he [United States] Supreme Court [has] held that due process in a prison disciplinary proceeding involving serious misconduct requires: (1) that advance written notice of the charge be given to the inmate at least twenty-four hours before the hearing; (2) that factfinders must prepare a written statement of the evidence relied on and reasons for the disciplinary action; (3) that the inmate should be allowed to call witnesses and present documentary evidence, provided there is no undue hazard to institutional safety or correctional goals; (4) that counsel substitute (a fellow inmate or a prison employee) should be allowed to help illiterate inmates or in complex cases an inmate cannot handle alone; and (5) that the persons hearing the matter, who may be prison officials or employees, must be impartial."); *id.* ("The Supreme Court also held that the inmate does not have a constitutional right to confront and cross-examine witnesses who testify against him, although prison officials have the discretion to grant that right in appropriate cases."); *Skipper v. S.C. Dep't. of Corr.*, 370 S.C. 267, 278-79, 633 S.E.2d 910, 916 (Ct. App. 2006) (rejecting an inmate's alleged due process claim because it did not fall under one of the five *Al-Shabazz* requirements).

2.  As to whether Lisenby's disciplinary conviction is supported by substantial evidence:  *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence."); *id.* ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole."); *id.* ("In determining whether the AL[C]'s decision was supported by substantial evidence, this court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached.").

3.  As to whether the search of Lisenby's cell violated his rights under the Fourth Amendment:  *Turner*, 377 S.C. at 544, 661 S.E.2d at 120 ("[A] reviewing court may reverse or modify an agency decision based on errors of law . . . ."); *Hudson v. Palmer*, 468 U.S. 517, 526 (1984) (explaining that in the context of searches of prison cells, "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell"); *id*. ("The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions."); *id*. at 527-28 ("A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order.").

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.