**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Billy Lee Lisenby, Jr., Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2012-213396

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

Unpublished Opinion No. 2015-UP-328
Submitted April 1, 2015 – Filed July 1, 2015

**AFFIRMED**

Billy Lee Lisenby, Jr., pro se.

Daniel John Crooks, III and Shanika Kenyetta Johnson,
of the South Carolina Department of Corrections, of
Columbia, for Respondent.

**PER CURIAM:** Billy Lee Lisenby, Jr., an inmate incarcerated with the South
Carolina Department of Corrections (SCDC), appeals the administrative law
court's (ALC's) orders affirming his disciplinary convictions for (1) damaging
SCDC property valued at less than $100.00 and (2) threatening to inflict harm on

or assaulting SCDC employees.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether SCDC violated Lisenby's due process rights: *Turner v. S.C. Dep't of Health & Envtl. Control*, 377 S.C. 540, 544, 661 S.E.2d 118, 120 (Ct. App. 2008) ("[A] reviewing court may reverse or modify an agency decision based on errors of law . . . ."); *Al-Shabazz v. State*, 338 S.C. 354, 369-70, 527 S.E.2d 742, 750 (2000) ("The statutory right to sentence-related credits is a protected 'liberty' interest under the Fourteenth Amendment, entitling an inmate to minimal due process to ensure the state-created right was not arbitrarily abrogated."); *id*. at 371, 527 S.E.2d at 751 ("[T]he [United States] Supreme Court [has] held that due process in a prison disciplinary proceeding involving serious misconduct requires: (1) that advance written notice of the charge be given to the inmate at least twenty-four hours before the hearing; (2) that factfinders must prepare a written statement of the evidence relied on and reasons for the disciplinary action; (3) that the inmate should be allowed to call witnesses and present documentary evidence, provided there is no undue hazard to institutional safety or correctional goals; (4) that counsel substitute (a fellow inmate or a prison employee) should be allowed to help illiterate inmates or in complex cases an inmate cannot handle alone; and (5) that the persons hearing the matter, who may be prison officials or employees, must be impartial." (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974)); *id*. ("The Supreme Court also held that the inmate does not have a constitutional right to confront and cross-examine witnesses who testify against him, although prison officials have the discretion to grant that right in appropriate cases."); *Skipper v. S.C. Dep't. of Corr.*, 370 S.C. 267, 278-79, 633 S.E.2d 910, 916 (Ct. App. 2006) (rejecting an inmate's alleged due process claim because it did not fall under one of the five *Al-Shabazz* requirements).

2.  As to whether Lisenby's disciplinary conviction is supported by substantial evidence:  *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence."); *id.* ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole."); *id.* ("In determining whether the AL[C]'s decision was supported by substantial evidence, this court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached.").

3. As to whether SCDC violated Lisenby's equal protection rights: *Brown v. S.C. Dep't of Health & Envtl. Control,* 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration.").

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.