**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Derrick A. Young, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2015-000060

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

Unpublished Opinion No. 2016-UP-203
Submitted February 1, 2016 – Filed May 11, 2016

**AFFIRMED**

Derrick A. Young, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issues 1, 2, 3, and 5: *Turner v. S.C. Dep't of Health & Envtl. Control*, 377 S.C. 540, 544, 661 S.E.2d 118, 120 (Ct. App. 2008) ("[A] reviewing court may reverse or modify an agency decision based on errors of law . . . ."); *Al-Shabazz v.*

*State*, 338 S.C. 354, 369-70, 527 S.E.2d 742, 750 (2000) ("The statutory right to sentence-related credits is a protected 'liberty' interest under the Fourteenth Amendment, entitling an inmate to minimal due process to ensure the state-created right was not arbitrarily abrogated."); *id.* at 371, 527 S.E.2d at 751 ("[T]he Supreme Court [has] held that due process in a prison disciplinary proceeding involving serious misconduct requires: (1) that advance written notice of the charge be given to the inmate at least twenty-four hours before the hearing; (2) that factfinders must prepare a written statement of the evidence relied on and reasons for the disciplinary action; (3) that the inmate should be allowed to call witnesses and present documentary evidence, provided there is no undue hazard to institutional safety or correctional goals; (4) that counsel substitute (a fellow inmate or a prison employee) should be allowed to help illiterate inmates or in complex cases an inmate cannot handle alone; and (5) that the persons hearing the matter, who may be prison officials or employees, must be impartial.").

2. As to issue 4: *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence."); *id.* ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole."); *id.* ("In determining whether the AL[C]'s decision was supported by substantial evidence, this court need only find, considering the record as a whole, evidence from which reasonable minds could reach the same conclusion that the AL[C] reached.").

**AFFIRMED.**[1]

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.